KELLEY and another, Respondents, vs. HAYLOCK and another, Appellants.

*April 15—May 23, 1916.*

*Workmen's compensation: What employers are within the act: Temporary employment of more than four men: Farmers.*

1. In the Workmen's Compensation Act (sub. 2, sec. 2394—5, Stats.) the language "every employer of four or more employees in a common employment" was intended to include only such employers as ordinarily or for some considerable length of time employ four or more employees in a common employment; and mere temporary, though regularly recurring, employment of four or more men for a specific purpose does not bring the employer within the act.

2. Thus, the employment by a farmer of more than four men for limited times in threshing, corn shredding, silo filling, or tobacco work does not bring him within the Compensation Act.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action under the Workmen's Compensation Act to set aside an award of the *Industrial Commission* for $366.46 against *Henry Kelley* and *Elmer Thronson* rendered in favor of *Elmer Haylock,* an employee of *Kelley.* The circuit court set aside the award on the ground that none of the parties were under the Compensation Act, and from a judgment entered accordingly *Elmer Haylock* and the *Industrial Commission* appealed.

For the appellant *Industrial Commission of Wisconsin* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Kelley* the cause was submitted on the brief of *Thos. S. Nolan* and *Paul N. Grubb.*

VINJE, J.    Plaintiffs are farmers.    *Kelley,* in addition to running a farm, operated a silo filler, filling his own silo and those of other farmers in the fall.    In operating the filler he employed less than four men except when filling his own silo. In threshing time and occasionally in tobacco work he has employed more than four men for a short time.    *Haylock* was an employee of *Kelley* at the time the latter filled *Thronson's* silo on September 8, 1914.    On that day he sustained an injury in the course of his employment for which the award was made.    *Thronson* did not employ four or more men in the running of his farm except at threshing time and in filling the silo.    On the day in question he had more than four men assisting in filling his silo.    The *Commission* found that both *Kelley* and *Thronson* came under the act because they employed more than four men in threshing and corn shredding, silo filling, or tobacco work at times.    The question of whether or not they did come under the act turns upon the meaning of sub. 2, sec. 2394—5, Stats., which provides that "on and after September 1, 1913, every employer of four or more employees in a common employment shall be deemed to have elected to accept the provisions of sections

2394—3 to 2394—31, inclusive." To intelligently solve such question recourse must be had to the whole scope and scheme of the Compensation Act rather than to technical definitions of particular words therein. It must be conceded that threshing, corn shredding, silo filling, and tobacco work are in the course of the usual occupation of farmers. The only question is whether such work for a limited time brings them within the act.

In legislating with reference to compensation to employees in industrial occupations the idea was to compensate employees in reasonably fixed kinds of employment, for the act required every employer coming under it to take out liability insurance or satisfy the *Industrial Commission* of his financial solvency and secure a certificate of exemption, or else forfeit $25 for every day he fails to do so. This provision alone shows that mere temporary employment of four or more men for a specific occasion was not intended to bring the employer under the act. Nearly every farmer is likely at some time of the year to employ four or more men for a short time—such as harvesting, berry picking, barn raising, corn shredding, silo filling, threshing, and occasional tobacco work. The same is true of nearly every other man of affairs who is not engaged in any regular business in which four or more employees are engaged. The legislature did not contemplate that mere temporary though regularly recurring employment brought the employer within the act. Its language must be taken in its ordinary and usual significance. In ordinary language when it is said that an employer employs four or more employees in a common employment it is meant that he usually does so, or that he does so most of the time, so that such employment becomes the rule and not the exception. The act operated upon and was intended to include only such employers as ordinarily or for some considerable length of time employ four or more employees in a common employment. In defining the term "employee" in sub. (2), sec.

2394—7, the legislature excluded those whose employment was but casual or not in the usual course of trade, business, profession, or occupation of his employer, showing that even if the employer was within the act his employee would not be if his employment was but casual or not in the usual course of his employer's business.    There is much greater reason for holding that an employer does not come under the act unless his employment of four or more employees in a common employment continues for some considerable length of time so that he may reasonably be said to be such an employer.    The operation of the act as to the employer is limited to the usual rather than to the unusual condition of a business, trade, or occupation.

The trial court held that the award should be set aside because neither *Kelley* nor *Thronson* were employers within the act.    We think such construction was correct.

*By the Court.*—Judgment affirmed.