GUSE, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*September 26—October 20, 1925.*
*March 13—April 6, 1926.*

*Workmen's compensation: When employer is within the act: Momentary employment of third employee.*

The workmen's compensation act as amended by ch. 624 of the Laws of 1917 is applicable to an employer who, at any time after August 31, 1917, has three or more employees, even though the momentary employment of a third employee brings the employer within the act. p. 482.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Workmen's compensation. *Arthur Zuehlke,* on February 13, 1923, while in the employ of the plaintiff, sustained certain injuries. Upon a hearing before the *Industrial Commission* the *Commission* found that the defendant *Zuehlke* sustained an injury; that said injury was proximately caused by accident and was not intentionally self-inflicted; that the

plaintiff had actual notice of the injury, and that there was no intention on the part of the applicant to mislead the plaintiff by failure to give written notice; awarded the applicant the sum of $1,359.10 as reasonable and necessary disbursements for medical, surgical, and hospital treatment, and awarded $563.33 for disability up to February 15, 1924; and found that the applicant was entitled to the sum of $46.50 monthly compensation during the period of total disability; that the *Commission* was not at that time able to determine the extent of permanent disability and the award was made in accordance with the findings of the *Commission.*

This action was begun in the circuit court for Dane county to review the award of the *Commission.* The trial court confirmed the award, and from the judgment confirming the award plaintiff appeals.

For the appellant there was a brief by *Kading & Kading,* and oral argument by *Harold M. Dakin,* all of Watertown.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

The following opinion was filed October 20, 1925:

Rosenberry, J.    Two questions are presented here for our consideration: First, Was the defendant *Zuehlke* in the employ of *Albert Guse,* who was an independent contractor? and second, Did the fact that the plaintiff for a short time employed more than three men bring him under the workmen's compensation act without any other or further election on his part?

Upon the first proposition we think it too clear for argument that *Albert Guse* was not an independent contractor. A determination of the second question requires a statement of the history of the act.

The workmen's compensation act was ch. 50 of the Laws

of 1911, which created secs. 2394—1 to 2394—32 of the Statutes. As originally enacted the statute required a written election by an employer to be filed with the *Industrial Commission* to bring him under the terms of the act. By ch. 599 of the Laws of 1913 the following provision was inserted:

"On and after September 1, 1913, every employer of four or more employees in a common employment shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive, unless prior to that date such employer shall have filed with the industrial commission a notice in writing to the effect that he elects not to accept the provisions hereof."

On September 8, 1914, an employee, Haylock, was injured on the farm of his employer, Kelley. Upon a hearing before the *Industrial Commission* the *Commission* found that both Kelley and Thronson, whose silo Kelley was employed in filling, came under the act because they employed more than four men in threshing and corn shredding, silo filling, or tobacco work at times. An action was brought to review this determination of the *Commission*. The court said:

"The legislature did not contemplate that mere temporary though regularly recurring employment brought the employer within the act. Its language must be taken in its ordinary and usual significance. In ordinary language when it is said that an employer employs four or more employees in a common employment it is meant that he usually does so, or that he does so most of the time, so that such employment becomes the rule and not the exception. The act operated upon and was intended to include only such employers as ordinarily or for some considerable length of time employ four or more employees in a common employment." *Kelley v. Haylock*, 163 Wis. 326, 157 N. W. 1094.

By ch. 624 of the Laws of 1917 the act was amended by striking out the words "On and after September 1, 1913,

every employer of four," and inserting in lieu thereof the words: "If any employer shall at any time after August 31, 1917, have three," so that as amended the section reads:

"If any employer shall at any time after August 31, 1917, have three or more employees in a common employment he shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive, unless prior to that date such employer shall have filed with the industrial commission a notice in writing to the effect that he elects not to accept the provisions hereof."

By the interpretation placed upon the section prior to the amendment in 1917, it was held that mere temporary employment did not bring an employer within the act, so that, as construed by the court, the section prior to the amendment read as if the word "customarily" or some such similar word was inserted, so that the act did not apply unless the employer customarily or ordinarily or usually had four or more employees. It appears in this case that the plaintiff ordinarily had but one employee, the claimant *Zuehlke,* and that he was not regularly employed throughout the year but from time to time as occasion arose. It also appears that for short times and for temporary purposes the plaintiff had, in addition to *Zuehlke,* Oscar Guse and Nick Fries in his employment, and other men were employed for very short times. These were on special jobs such as raising corn cribs, moving, and like operations.

Plaintiff contends that as construed by the court in *Kelley v. Haylock,* 163 Wis. 326, 157 N. W. 1094, the statute was to be read as follows: "On and after September 1, 1913, every employer customarily or ordinarily having four or more employees in a common employment shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive," etc. That by the amendment of 1917 this language was not disturbed, and that therefore the statute should now be construed as if it read: "If any employer shall at any time after August 31, 1917, cus-

tomarily or ordinarily have three or more employees in a common employment, he shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive."

On behalf of the *Industrial Commission* it is contended that, if the statute be so construed, the insertion of the words "at any time" was purposeless, and as so construed they have no meaning, and that all that would have been necessary for the legislature to do would have been to change the word "four" to "three" and change the date from September 1, 1913, to August 31, 1917, to accomplish the legislative purpose, and therefore the statute must be construed to mean that if a person has three or more employees at any time, however short, he thereby elects to come under the act. There is much force to the latter contention, which is ably supported by the brief of the attorney general. It is a matter of common knowledge that there are many men engaged in draying, teaming of various sorts, and many other occupations, who for very brief periods employ one or two men for a particular purpose, as, for instance, to unload an engine or do some other particular piece of work that for a few hours, or perhaps one or two days, requires additional help. They may ordinarily or customarily have one employee and under the exigencies of a particular situation be required to employ additional help for a few hours or one or two days. Under the construction contended for by the *Industrial Commission,* the temporary employment under such circumstances would amount to an election to come under the act. Having thus brought himself under the act, the employer could not release himself from the liabilities imposed by the act except in accordance with its terms, which could not be earlier than the 1st day of July following. The employer thus brought under the act is required to insure the payment of any compensation which may become due under the act, and for failure to do so may be fined and imprisoned. Sub. (3), sec. 102.28, Stats. He also forfeits

the sum of $50 if he shall fail to make certain reports as required by sec. 102.36.    While no doubt all employers are chargeable with notice of the provisions of the workmen's compensation act, as a matter of fact hundreds of people come within the terms of the act without any knowledge upon their part of such election, and thereby subject themselves to the penalties referred to and other penalties in addition to sustaining the liabilities provided for by the act if the contention of the *Industrial Commission* is correct.    A man circumstanced as was the plaintiff in this case does not think of himself as having three or more employees in his employment, and while he is technically within the terms of the statute if it be given the interpretation contended for, he may for more than ninety-nine per cent. of the time have no employee, or at most not more than one or possibly two.    Why should an employer have the status of an employer having three or more employees when he in fact has but one, simply because some exigency of his business requires him to employ two more for an hour?    To so construe the statute is to make it, as applied to the actual situation that exists, absurd and unreasonable.    If it reasonably be open to any other construction, such a construction should be adopted.    It is argued, also, that the legislature has power to bring all employers under the act and that therefore the construction contended for by the *Industrial Commission* cannot be absurd or unreasonable.    That argument, however, is hardly conclusive, because while there is no doubt that the legislature has power to enact legislation which may seem absurd or unreasonable, it will only be held to have done so by the use of language which admits of no other reasonable construction.    This rule has been applied to this very act in *Mellen L. Co. v. Industrial Comm.* 154 Wis. 114, 142 N. W. 187.    See, also, *Pfingsten v. Pfingsten,* 164 Wis. 308, 159 N. W. 921.

If the legislature intended that a person having three or

more employees for any period of time, so short for instance as half an hour, should thereby be deemed to have elected to bring himself within the terms of the act, the statute is not happily phrased, especially so taking into consideration its history and the construction placed upon it by this court in *Kelley v. Haylock,* 163 Wis. 326, 157 N. W. 1094. Some light is thrown upon this situation by other provisions of the act.

Sub. (4) of sec. 102.07, being the definition of employee, is as follows:

"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, all helpers and assistants of employees, whether paid by the employers or employee, if employed with the knowledge, actual or constructive, of the employer, and also including minors of permit age or over (who, for the purposes of section 102.08, shall be considered the same and shall have the same power of contracting as adult employees), but not including any person whose employment is not in the usual course of the trade, business, profession, or occupation of his employers, unless such employer has, by an affirmative election, in the manner provided in subsection (1) of section 102.05, specifically elected to include domestic and other employees under coverage of the act."

While this definition as construed by the court would bring the employees of the plaintiff within its terms (see *F. C. Gross & Brothers Co. v. Industrial Comm.* 167 Wis. 612, 167 N. W. 809), yet it indicates that it was not the intention of the law to have a momentary or brief period of service covered by the provisions of the act and therefore casual employments were excepted. Why a very brief employment, although it relates to the ordinary business of the employer, should bring him within the terms of the act and a casual employment not bring him within the terms of the act is difficult to understand. The reasoning that applies to one applies to the other. Why the hiring of one man with

the express purpose of calling a doctor, for instance, should be held to be casual and not bring an employer under the act, and the employment of the same man for an hour to assist in lifting a safe should bring him under the act, is not quite clear. It is no doubt within the power of the legislature to do exactly what the *Industrial Commission* contends it did do by the enactment of the amendment in 1917, but, in view of the consequences if such a construction is placed upon the act, it must be held that the act means that if at any time after August 31, 1917, an employer shall have three or four or more persons usually or ordinarily in his employment he shall be deemed to come under the provisions of the act, thereby adhering to the construction placed upon the act in *Kelley v. Haylock, supra.* It is quite plain that the legislature did not intend to include employers having two employees ordinarily and customarily in his employment within the terms of the act. We see no reason why employment for an hour of a third employee should work such consequences as the construction contended for by the *Industrial Commission* entails, thus leaving one man who ordinarily employs two men under the act and another man who ordinarily and customarily employs two men without the act merely because one has for a very brief time had a third employee. We think so construed the act leads to an unreasonable result and one not intended by the legislature.

It is held that under the facts and circumstances of this case the plaintiff was not within the terms of the act, not having ordinarily three or more employees in his employment. In view of this conclusion, other questions raised by the plaintiff need not be considered.

*By the Court.*—Judgment of the circuit court is reversed, with directions to enter an order setting aside the award of the *Industrial Commission* and directing the dismissal of the proceeding.

The following opinion was filed October 27, 1925:

CROWNHART, J. (*dissenting*).   By ch. 599, Laws 1913, the following provision was inserted in the compensation act:

"On and after September 1, 1913, every employer of four or more employees in a common employment shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive, unless prior to that date such employer shall have filed with the industrial commission a notice in writing to the effect that he elects not to accept the provisions hereof."

This provision was construed in *Kelley v. Haylock*, 163 Wis. 326, 157 N. W. 1094, to mean that every employer customarily or ordinarily having four or more employees in common employment shall be deemed to have elected to accept the provisions of the compensation act.   At the very next session following the decision in *Kelley v. Haylock, supra,* the legislature amended such provision of the compensation act to read as follows:

"If any employer shall at any time after August 31, 1917, have three or more employees in a common employment he shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive, unless prior to that date such employer shall have filed with the industrial commission a notice in writing to the effect that he elects not to accept the provisions hereof."

It will be seen that the legislature *ex industria* attempted to escape the construction placed upon this section of the law by this court in the case of *Kelley v. Haylock, supra.* It used language that is plain and unequivocal.   It said that if an employer should have *at any time* three or more persons in his employment, he would be deemed to have elected to come under the act, unless prior to that time he filed an election not to come under the act.   It is within

the power of the legislature to determine public policy. It is not for the court to determine the wisdom of that policy (*Application of Bentine*, 181 Wis. 579, 583, 196 N. W. 213), but if it were, I think the legislature wisely provided a definite and plain rule whereby both employer and employee might know with certainty whether or not they were under the compensation act. If an employer is not under the act he is subject to the common-law rule as to negligence, and may be mulcted in very heavy damages in case of injury to an employee through his negligence. The whole history of the compensation act discloses the intent on the part of the legislature to change the old common-law rules in personal injury actions to the more enlightened and equitable rules of the compensation act. However, the employer who desires to retain the old, harsh, archaic rules of the common law, as applied to personal injuries to his employees, may do so by filing his election not to come under the act. But if he does not file such election, it is neither absurd nor unreasonable for the legislature to say to him that he shall be deemed to have elected to come under the act whenever he shall employ three or more persons at any time. The rule laid down in *Kelley v. Haylock, supra,* was very difficult, if not impossible, of administration. Suppose an employer employing three or more persons, one of whom should be injured on the first day of his employment; he is either under the compensation act or under the rules of the common law. How is the employee to find out which? How is the *Industrial Commission* to determine which rule applies? Under the construction of this court, if the employer should continue for a year to employ three or more men, then it would appear that he customarily or ordinarily employed three or more men, and the act would apply. But must the employee wait a year before he is able to find out whether or not he is under the compensation act? I have no doubt that the legislature understood exactly what it was doing when it amended the law and provided that the em-

ployer should be deemed to have elected to come under the act when he employed three men at any time.

It seems to me that the language employed by the legislature to declare the employer under the compensation act, who should not have elected otherwise, at any time he should employ three or more persons, is as plain as the English language can make it. It is the universal rule of statutory construction that plain and unambiguous language is not subject to construction by the courts. Construction may be resorted to only when ambiguity exists. *Rusk Farm D. Dist. v. Industrial Comm.* 186 Wis. 232, 234, 202 N. W. 204; *Wisconsin P. S. Co. v. Railroad Comm.* 185 Wis. 536, 544, 201 N. W. 977.

It seems to me that, because to give the language of the act its plain and obvious meaning may work a hardship in some cases, the court warps the plain and unambiguous significance of simple words to mean the exact opposite of the legislative intent. This language has been interpreted and enforced by the *Industrial Commission* as in this case, for more than seven years, without any such complaint.

By reference to the public bulletins of the *Industrial Commission,* circulated free to employers and employees, it will be seen that immediately after the amendment of 1917 the *Commission* called specific attention of employers to the amendment and its purpose to change the rule laid down in *Kelley v. Haylock, supra,* as follows:

"In the case of *Kelley v. Haylock,* 163 Wis. 326, 157 N. W. 1094, the supreme court held that an employer must *usually* have four or more persons in common employment in order to subject himself, automatically, to the compensation act. This amendment has the effect of not only subjecting an employer of three or more to the act, but doing so regardless of the period of employment, unless he has previously elected otherwise." (Bulletin of Industrial Commission, issued September 1, 1917, p. 4.)

Bulletins were issued in 1919, 1921, and 1923, in each of which the *Commission* reiterated its interpretation in

plain and simple language. A ruling of a department having the enforcement of a law, acquiesced in for a long time, will be given effect by courts unless plainly erroneous. *State ex rel. Board of Regents v. Zimmerman,* 183 Wis. 132, 197 N. W. 823. The construction placed upon a statute by the proper state officers is of great weight and is oftentimes decisive. *State v. Johnson,* 186 Wis. 59, 68, 202 N. W. 319.

In this case the employer does not complain that he did not understand the law as interpreted by the *Commission.* On the contrary, it is obvious that he did so understand it and resorted to a palpable subterfuge to escape its effect, instead of complying with the act by filing his election not to come under it. In other words, he attempted to reserve to himself the unlawful advantage of electing after the accident which position would be preferable for him to assume. This he did, and in this he has this court's approval. I think the decision is wrong. I agree with the construction of the act given by the *Industrial Commission* and the learned circuit judge.

I therefore respectfully dissent.

The following opinion was filed April 6, 1926:

PER CURIAM (*on rehearing*). A motion for a rehearing was granted and the case has been again exhaustively argued and carefully reconsidered in the light of the reargument, as a result of which the court has concluded that it was in error in its former decision and that the statute in question should be construed literally as it reads. A complete history of the statute is stated in the dissenting opinion, embracing much material that was not before us on the former hearing. While it is true, as stated in the original opinion, that it seems unreasonable that a momentary employment of a third employee should bring an employer within the terms of the act, he may nevertheless avoid that situation by electing in accordance with the provisions of the act not to come under

its terms. On the other hand, it works a hardship to the employee if he is unable to ascertain whether or not his employer is within or without the act. After the happening of an accident there is then left to the employer an opportunity, if he thinks there is an absence of negligence, to claim that he was not under the act; but if he thinks there is negligence, to limit his liability by claiming that he was under the act, the proof in most cases being wholly in the possession of the employer.

Counsel for plaintiff contend that the statute violates the provisions of the state and federal constitutions. We find no basis for this contention.

*By the Court.*—The mandate heretofore entered is hereby vacated and set aside and the judgment appealed from is hereby affirmed.

Vinje, C. J., and Eschweiler, J., dissent.