# PERRY v. UNITED STATES EMPLOYEES' COMPENSATION COMMISSION et al.

District Court, N. D. California, S. D. June 26, 1928.

No. 2123.

1. **Injunction** &#8658;136(2)—Longshoremen's and Harbor Workers' Compensation Act contemplates interlocutory injunction only when award is made, not denied (Longshoremen's and Harbor Workers' Compensation Act, § 21 (b); 33 USCA § 921 (b).

Longshoremen's and Harbor Workers' Compensation Act, § 21 (b), 33 USCA § 921 (b), contemplates an interlocutory injunction only when an award has been made, and not when it has been denied.

2. **Injunction** &#8658;118(1)—Petition under Longshoremen's Compensation Act must 'state more than mere conclusions of law (Longshoremen's and Harbor Workers' Compensation Act, § 21 [33 USCA § 921]).

Petition in proceeding under Longshoremen's and Harbor Workers' Compensation Act, § 21 (33 USCA § 921), must be so framed that it states more than mere conclusions of law.

3. **Injunction** &#8658;118(6)—Petition for injunction under Longshoremen's Compensation Act should allege proceedings before commissioner in narrative form, or attach transcript (Longshoremen's and Harbor Workers' Compensation Act, § 21 [33 USCA § 921]).

Petition for injunction, under Longshoremen's and Harbor Workers' Compensation Act, § 21 (33 USCA § 921), should allege proceedings before the commissioner in narrative form, or have attached a transcript, preferably the latter.

4. **Master and servant** &#8658;361—Master of vessel, killed in starting engine of another vessel of same owner, held not entitled to compensation under statutory definition of "employee" (Longshoremen's and Harbor Workers' Compensation Act, §§ 2 (3), 3 (a); 33 USCA §§ 902 (3), 903 (a).

Where owner of two vessels was master of one and deceased employee master of the other, and where deceased employee, on the ground that he was the younger, offered to start the engines of the vessel of which he was not master for the master and owner thereof, and was killed in so doing, he was not removed from his status as master, and hence compensation was not recoverable, under Longshoremen's and Harbor Workers' Compensation Act, §§ 2 (3) and 3 (a), 33 USCA §§ 902 .(3), 903 (a), defining "employee" and providing for compensation.

In Equity. Suit by Frances Perry to enjoin the United States Employees' Compensation Commission, Warren H. Pillsbury, Deputy Commissioner, and another from denying an award of compensation. Decree for defendants.

Irving H. Frank and Keith Ferguson, both of San Francisco, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., for defendants United States Employees' Compensation Commission and Pillsbury.

Bronson, Bronson & Slaven and Thomas W. Slaven, all of San Francisco, Cal., for defendant Lorentzen.

KERRIGAN, District Judge. [1] This is a petition for an injunction, directed to the deputy commissioner for the Thirteenth compensation district of the United States Employees' Compensation Commission, restraining him from refusing to make an award of compensation, as provided for by the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927 (33 USCA §§ 901–950). The matter came on for hearing on order to show cause why a preliminary injunction should not issue. It appearing, however, that this order to show cause was erroneously issued, since section 21 (b) of the act (33 USCA § 921 [b]) contemplates an interlocutory injunction only when an award has been made, and not where an award has been denied, the parties herein have stipulated that the case be submitted on its merits for final determination.

[2, 3] The record of the proceedings before the commissioner was, by stipulation, made an exhibit to the petition. In this connection it should be noted that the petition in a proceeding under section 21 of this act (33 USCA § 921) must be so framed that it states more than mere conclusions of law. In order to present a sufficient case, petitioner should either allege the proceedings before the commissioner in narrative form, in such detail that this court may determine just what occurred, or attach a transcript of the proceedings to his petition as an exhibit, preferably the latter.

[4] Turning now to the merits of the case in hand, consideration of the single question raised brings me to the conclusion that the injunction sought should be denied. Decedent, Perry, was the master of the towboat Dorothy Badger. He was employed by L.

27 F.(2d)—10

Lorentzen, who also owned and was the master of the gas screw vessel Ellen. The two boats were anchored in San Francisco Bay (in which waters they were used exclusively) for the night, Perry and Lorentzen both sleeping aboard the Ellen. In the morning Lorentzen stated that he would start the engine of the Ellen: Perry, on the ground that he was the younger man, volunteered to do so, and Lorentzen acceded, and left the Ellen to row to the Dorothy Badger to leave the rowboat as a tender for the Dorothy Badger. Just after he left the Ellen an explosion occurred, resulting in a fire which destroyed the Ellen, and in which Perry was killed. Compensation was denied, on the ground that decedent was not within the provisions of the Act at the time of his death.

Section 2(3) defines "employees" as follows: "The term 'employee' does not include a master or member of a crew of any vessel, . nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net." 33 USCA § 902 (3). Section 3(a) provides that no compensation shall be payable in respect of the disability or death of "(1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net." 33 USCA § 903 (a), (1).

The sole question in this case is whether Perry was "a master or member of a crew of any vessel." It is contended on behalf of petitioner that the fact that Perry met his death on another vessel than his own removes him from the class not entitled to compensation. It appears, however, that the vessel upon which he was master belonged to the owner of the vessel upon which he was killed, and that his acts aboard the Ellen were connected directly with the navigation of the Ellen. Perry and Lorentzen had virtually exchanged duties pro tem. Perry did not thereby lose his status as master of the Dorothy Badger. The decision of the commissioner was therefore correct.

Let a decree be entered for defendants, with costs.