Hillsborough, }
June 29, 1933. }

HERBERT R. TULLY *v.* WINTHROP L. CARTER.

*Wyman, Starr, Booth & Wadleigh (Mr. Ralph E. Langdell* orally), for the plaintiff.

*Lucier & Dowd (Mr. Lucier* orally), for the defendant.

PEASLEE, C. J. The defendant had accepted the workmen's compensation act, and employed the plaintiff upon a farm. The premises consisted of the usual arrangement and equipment of an extensive summer home, with the commonly used power driven contrivances. The plaintiff was employed to care for the greenhouse and gardens and to assist the foreman. It was a part of his duty to switch on and off an electrically driven pump in the greenhouse, to oil it, and to look after two other similar pumps when requested by the foreman. At the time of the accident (November) the family had left the place and only the plaintiff and the foreman were employed there. During the season a third man was employed about the place, and two housemaids occasionally went to the greenhouse upon errands. Two or three other men were employed for short intervals, in the season, as occasion required.

The plaintiff claims that his employment comes within the description in Public Laws, chapter 178, section 1, paragraph II: "Work in

any . . . place . . . in which . . . place five or more persons are engaged in manual or mechanical labor." Conceding that the maids or the occasional employees could be counted when there, they were all gone from the premises a substantial time before the plaintiff was injured. Their employment had been terminated. There were then but two employees engaged at the "place" and this paragraph does not apply. "Danger of injuries caused by fellow servants" (*Ib., s.* 1) is a part of the requirement for its application; and the employment of five or more servants is made the statutory test of the existence of that danger. See *Kelley* v. *Haylock*, 163 Wis. 326.

The master ruled that while the plaintiff was not within the provisions of paragraph II, he was within those of paragraph III. The employments therein described are: "The construction, operation, alteration or repair of wires or lines of wires, cables, switch boards or apparatus, charged with electric currents." We do not think that these provisions were intended to have so broad an application. In a certain sense it is true that throwing the switch to start or stop an electrically driven pump is the operation of apparatus charged with electricity. The same is true of pushing a button to turn on an electric light. It is evident that the statute was not intended to apply to the latter situation. There is a limit somewhere short of such extremes. A more intimate exposure to the dangers incident to work about charged apparatus is required.

This paragraph relates solely to a peculiar danger of encountering charged wires, etc. That is made the test for bringing the situation within its terms. It has no application to the dangers everyone encounters practically every day. The provision is of limited scope, and does not cover the incidental act of switching an electric current on or off. It applies only to those who in popular language would be spoken of as electricians or workers with electrical appliances.

The facts found show no work upon or with electrical apparatus beyond switching current, and applying the necessary lubricants to the pump. This did not make the plaintiff an electrician, or a worker in electrical business. It follows that the defendant's motion to dismiss should have been granted.

*Petition dismissed.*

All concurred.