STAPLETON, d/b/a MESSERSCHMIDT CHEESE COMPANY, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.*

*May 24—June 22, 1946.*
*January 22—April 11, 1947.*

* Motion for rehearing granted. See *post*, p. 139a.

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

BARLOW, J. This is a workmen's compensation case, in which plaintiff-respondent, Francis Stapleton, denies he is subject to the act. Stapleton owned and operated a cheese factory at Dodgeville, Wisconsin, which he operated without help except the occasional assistance of his fourteen-year-old son when he was not in school. There were living rooms in the cheese-factory building, which were occupied by Stapleton and his family. In the winter of 1940-1941, Stapleton purchased some standing timber, which was cut into polewood,

and in January, 1941, he engaged Paul Linderman, who owned a saw rig, and four other men to saw the timber into stovewood lengths, to be used for fuel in the home and cheese factory, although coal was used largely as fuel for the operation of the cheese factory. He paid the men engaged to saw this firewood, thus having more than three employees. In November, 1942, he had some more sawing done, but only paid two men, and on November 30, 1943, he engaged six men, including Lloyd Anderson, who was then sixteen years of age, to saw some polewood. The owner of the saw rig was feeding the saw, and it was necessary for him to adjust the engine, so Anderson moved up and started feeding the polewood to the saw. His left hand was pulled into the saw, and he sustained injuries which resulted in the amputation of his left hand at the wrist. Stapleton at no time carried workmen's compensation insurance in the operation of his cheese factory, and at no time had employees, except those employed to help him get out his firewood. Several of the persons who assisted in sawing the firewood in 1943, and in previous years, did so as a neighborly act without compensation, and on the day Anderson was injured all the persons who had assisted did so as a neighborly act, except the owner of the saw rig, and Anderson, who testified that Stapleton asked him to assist but nothing was said about pay. The amount of polewood to be sawed at the time was about a half day's work. The wood was about five miles from the cheese factory.

The Industrial Commission found that Stapleton became subject to the act in January, 1941, and was still under it at the time Anderson was injured. The trial court held that Stapleton was not an employer under sec. 102.04 (2), Stats.

Appellants rely on secs. 102.04 (3) and 102.05 (2), Stats., to establish that respondent is an employer and comes within the act. Respondent argues that he is not an employer under

the provisions of sec. 102.04 (2). Thus we are required to construe the following statutes of 1943, which are identical with the provisions of the present statutes:

"102.04 *Definition of employer.* The following shall constitute employers subject to the provisions of this chapter, within the meaning of section 102.03:

"(1) The state, each county, city, town, village, school district, sewer district, drainage district and other public or *quasi*-public corporations therein.

"(2) Every person, firm and private corporation (including any public-service corporation) who usually employs three or more employees, whether in one or more trades, businesses, professions or occupations, and whether in one or more locations. The provisions of this subsection shall not apply to farmers or to farm labor. . . .

"(3) Every person, firm and private corporation (including any public-service corporation) to whom subsection (2) is not applicable, who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the injury to the employee for which compensation may be claimed, shall, in the manner provided in section 102.05, have elected to become subject to the provisions of this chapter, and who shall not, prior to such accident, have effected a withdrawal of such election, in the manner provided in subsection (1) of section 102.05.

"102.05 *Election by employer, withdrawal.* (1) Such election to become subject to the act on the part of the employer shall be made by filing with the commission, a written statement that he accepts the provisions of this chapter. The filing of such statement shall operate to subject such employer to its provisions, unless he shall file in the office of said commission a notice that he desires to withdraw his election, which withdrawal shall take effect thirty days after the date of such filing or at such later date as may be specified in the notice. Unless such withdrawal is filed the employer shall remain subject to the act, except that an employer who shall have had no employee at any time within a continuous period of two years shall be deemed to have effected withdrawal which shall be effective on the last day of such period. Such employer, however, shall again become subject to the act if at any time subsequent to such period of no employment he shall

have three or more employees as provided in subsection (2), except as he may have elected not to accept the provisions of the act as provided in subsection (2).

"(2) If any employer shall at any time have three or more employees, whether in one or more trades, businesses, professions or occupations, and whether in one or more locations, he shall be deemed to have elected to accept the provisions of this chapter, unless prior to that time such employer shall have filed with the commission a notice in writing that he elects not to accept the provisions hereof. . . .

"(3) Any employer who shall enter into a contract for the insurance of compensation, or against liability therefor, shall be deemed thereby to have elected to accept the provisions of this chapter, and such election shall include farm laborers, domestic servants and employees not in the course of a trade, business, profession or occupation of the employer if such intent is shown by the terms of the policy. Such election shall remain in force until withdrawn in the manner provided in subsection (1)."

It is well to examine the history of these statutes, and our first reference is to sec. 2394—5, 2, Stats. 1913, which is now sec. 102.05, wherein it was provided that "on and after September 1, 1913, every employer of four or more employees in a common employment shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive." This statute was construed by this court in 1916, in *Kelley v. Haylock,* 163 Wis. 326, 157 N. W. 1094, where it was held common employment, as used in the statute, was intended to include only such employers as ordinarily or for some considerable length of time employ four or more persons in any common employment. In 1917 this section was amended to read :

"If any employer shall at any time after August 31, 1917, have three or more employees in a common employment he shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive. . . ."

In 1926, this court, on rehearing, reversed its original opinion in *Guse v. Industrial Comm.* 189 Wis. 471, 205 N. W.

428, 208 N. W. 493, holding that the statute as amended was applicable to any employer who at any time after August 31, 1917, had three or more employees, even though one of them may be momentary. Then in 1931 sub. (2) was added to sec. 102.04, Stats., which, among other things, provided that every person, firm, and private corporation who *usually* employs three or more employees shall be an employer. This was passed and approved May 5, 1931, as ch. 87, Laws of 1931. On June 27, 1931, ch. 102, Stats., was completely revised by ch. 403, Laws of 1931, leaving out the provisions of ch. 87, Laws of 1931, which had been inserted as sub. (2) of sec. 102.04. On July 3, 1931, ch. 469, Laws of 1931, was passed, which was enacted to reconcile conflicts in ch. 403, Laws of 1931, and it provided in sub. (1) thereof that "section 102.04 of the statutes, as amended by sec. 6, ch. 403, Laws 1931, is repealed; and sec. 102.04, as amended by ch. 87, Laws 1931, is re-enacted." What the legislature did was to discover that the amendment by ch. 87, Laws of 1931, had been stricken by ch. 403, Laws of 1931, so they proceeded to reinstate it, thus showing that the legislature specifically intended to have this provision in the law by passing it a second time. The legislature must have realized that by inserting the words "usually employ" in sec. 102.05 would not bring about the result they desired. This was evident from the decision in the case of *Guse v. Industrial Comm., supra,* so they included these words in the definition of "employer." There must have been some purpose for inserting them. If they intended that the employment of three persons was to continue to bring an employer under the act there was no occasion for this amendment. The law then was that such person came under the act and remained under the act until he elected to withdraw.

Appellants contend that this plaintiff is governed by sec. 102.04 (3), Stats., as a person to whom sub. (2) is not applicable, as it is conceded that plaintiff did not *usually* employ three or more employees, but he can still be an employer and

by employing three or more persons he elected to come under the act under the provisions of sec. 102.05 (2). We cannot agree with this contention. The purpose of sec. 102.04 (3) is to permit any person, firm, or private corporation who has less than three employees, or otherwise does not come under the act, to elect to come under the act under the provisions of subs. (1) and (3) of sec. 102.05. What it does is to permit such person, firm, or private corporation to elect to become subject to the act by filing with the commission a written statement that he accepts the provisions of this chapter, or he may elect to become subject to the act by entering into a contract for the insurance of compensation. This we believe to be the only purpose of sec. 102.04 (3). This brings us to the conclusion that the word "employer," as used in sec. 102.05 (2), wherein it is provided that if any employer shall at any time have three or more employees he shall be deemed to have elected to accept the provisions of this chapter, refers specifically to the employer described in sec. 102.04 (2) as the person, firm, or private corporation who *usually* employs three or more employees. It is not contended that this plaintiff usually employed three persons, so he cannot be said to have elected to come under the act by virtue of sec. 102.05 (2). Neither had he filed a written election with the commission nor taken out workmen's compensation insurance. It is therefore considered that he was not an employer under the compensation act, and not subject to its provisions.

*By the Court.*—Judgment affirmed.

FRITZ and WICKHEM, JJ., dissent.

RECTOR, J., took no part.

A motion for rehearing was granted on October 22, 1946, and the case was reargued on January 22, 1947.

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *R. J. Sutherland.*

Briefs *amici curiæ* were filed by *L. A. Tarrell;* by *H. W. Story, W. E. Brown,* and *Kenneth Grubb;* and by *Padway & Goldberg* and *David Previant,* all of Milwaukee.

The following opinion was filed April 11, 1947:

BARLOW, J. (*on rehearing*). Motion for rehearing was granted, and after careful reconsideration in the light of the reargument, the court has concluded it was in error in its former decision.

In our previous consideration of this case we were impressed by the fact that the legislature, in defining "employer" in sec. 102.04 (2), Stats., used the words "usually employs," and realized it was a well-known fact that many small-town merchants, druggists, proprietors of restaurants, and people engaged in other lines of business usually employing less than three persons, on special occasions are required to employ three or more persons for not to exceed a few days each year in order to meet the demands of their customers. Most of these people know nothing about the Workmen's Compensation Act and few, if any, of these employers realize that by such temporary employment they become subject to the act. They are in the same position as the respondent in this action. We erroneously came to the conclusion that it was to eliminate this type of employer from responsibility under the act that ch. 87, Laws of 1931, was passed. We now conclude it was passed for the purpose of making the act compulsory and not elective. Under sec. 102.05 (1), Stats. 1929, an employer elected to come under the act for the term of one year from the date of filing such election, which election continued without further act on his part for successive terms of one year each, beginning

July 1st, unless such employer, at least thirty days prior to the 1st day of July, filed with the Industrial Commission a notice in writing to the effect that he was withdrawing. Thus an employer with any number of employees could withdraw by filing a notice of his election to do so. By ch. 87, Laws of 1931, an employer who usually employs three or more employees compulsorily comes under the act and cannot elect to withdraw so long as he usually employs three or more employees. By sec. 102.04 (3), every person, firm, or private corporation to whom sub. (2) of sec. 102.04 is not applicable, who shall in the manner provided in sec. 102.05 elect to become subject to the provisions of the act is an employer. Thus, if he shall at any time have three or more employees, or shall file an election to become subject to the act, or shall enter into a contract for insurance of compensation, or against liability therefor, he is an employer under the act. Immediately upon the employment of three or more persons he becomes subject to the act. *Guse v. Industrial Comm.* (1926) 189 Wis. 471, 205 N. W. 428, 208 N. W. 493, but at any time that he has less than three employees he can withdraw as provided in sec. 102.05 (1).

The respondent Stapleton, as found by the Industrial Commission, had three or more employees at one time so as to bring him under the act, and at no time did he withdraw. We therefore conclude that the Industrial Commission properly awarded compensation to Lloyd Anderson, the injured employee.

*By the Court.*—The mandate heretofore entered is hereby vacated and set aside, the judgment appealed from is reversed, and the cause is remanded with directions to the trial court to affirm the order of the Industrial Commission.

RECTOR, J., took no part.