GRANT v. ALASKA INDUSTRIAL BOARD et al.

No. 5671–A.

District Court of Alaska. First Division. Juneau.

July 25, 1947.

William L. Paul, Jr., of Juneau, for plaintiff.

Ralph J. Rivers, Atty. Gen., and Frank L. Oliver, Asst. Atty. Gen., for Alaska Industrial Board.

Faulkner & Banfield, of Juneau, for Milner.

FOLTA, District Judge.

The defendant Milner is engaged in supplying janitorial services to the public. On January 21, 1947, in connection with cleaning rugs, upholstering etc., which had been soiled by smoke and soot, he hired the deceased, Robert Grant, to instruct him in the use of the cleaning agent, carbon tetrachloride. Two days later Grant became ill, and his death on January 31st was attributed to carbon tetrachloride poisoning.

On March 25th the Alaska Industrial Board denied the widow's application for compensation under the Workmen's Compensation Act, Chapter 9, S.L.A.1946. Its decision, so far as pertinent, is as follows:

"Kathleen Grant is the wife of Robert Grant, deceased. David Milner is engaged in business in Juneau, Alaska, in the operation of a janitor service, and was so engaged on January 21, 1947. He has one regular employee, but at various times employs other men to help handle the work, who are casual or occasional employees. During the afternoon of January 21, 1947, one Robert Grant was casually employed by respondent helping respondent clean rugs and upholstered furniture at the residence of A. B. Phillips in Juneau. Carbon tetrachloride was used in the cleaning process, which exposed Grant to fumes for a period of four

hours. He became ill and went to the hospital on January 23, 1947. Robert Grant died on January 31, 1947, of tetrachloride poisoning.

"It appears that Grant was poisoned within the course and scope of his employment, but it is unnecessary to determine this matter as the case hinges on whether respondent was the employer of at least three persons and thereby under the purview of the Workmen's Compensation Act of Alaska. On this point the Board finds that there were isolated instances of as many as two casual employees having been engaged by respondent at the same time along with the one regular employee, but that the established mode or plan of operation of the business (see Employers Liability Assur. Corporation v. Hunter, 184 Ga. 196, 190 S.E. 598) involved only one employee so that at no time prior to January 21, 1947, had respondent as an employer been brought regularly under the terms of the Workmen's Compensation Act of Alaska. The Board also finds that on the day of Grant's employment as above mentioned respondent had only two employees, including Grant.

"From the foregoing facts the Board concludes that respondent, David Milner, is not liable in the premises under the said Workmen's Compensation Act, and that the application of claimant, Kathleen Grant, should be denied, and

"It is so ordered."

Section 1 of the Compensation Act provides that:

"Any person * * * employing three or more employees in connection with any business, occupation, work, employment or industry * * * shall be liable to pay compensation * * * to each of his * * * employees who receives a personal injury arising out of and in the course of his * * * employment, or to the beneficiaries named herein * * * in all cases where the employee shall be so injured and such injuries shall result in his * * * death."

Section 22 provides:

" * * * An award by the full Board shall be conclusive and binding as to all questions of fact; but either party to the dispute, within thirty days from the date of such award, if the award is not in accordance with law, may bring injunction proceedings, mandatory or otherwise, against the Industrial Board, to suspend or set aside, in whole or in part, such order or award. * * * "

Plaintiff's petition for an alternative writ of mandamus would appear to be based on the misconception that, because the Board after a hearing denied her application on the ground that defendant Milner was not within the Act, the Board refused to assume jurisdiction. Clearly, the denial of her application was in the exercise of jurisdiction which the Board assumed. While an administrative body exercising judicial functions may be compelled to act or assume jurisdiction, it may not be directed as to how it shall decide a matter within its discretion. Interstate Commerce Commission v. Humboldt S. S., 224 U.S. 474, 484, 485, 32 S.Ct. 556, 56 L.Ed. 849; 34 Am.Jur. 855–9, section 67–8. Moreover, in Perry v. United States Employee's Compensation Commission, D.C., 27 F.2d 144, it was held that the writ lies only when an award is made and not when it is denied.

Since Section 22 of the local act is identical with Section 921(b) of the Longshoremen's and Harborworkers' Compensation Act of March 4, 1927, 44 Stat. 1436, as amended, 33 U.S.C.A. 901–950, and was evidently copied therefrom, it would appear that the remedy resorted to in the instant case is inappropriate not only for this reason, but also because errors of law may not be reviewed upon a proceeding of that kind. However, because of the uncertainty which exists as to the procedure contemplated by the Act, the proceeding was treated, without objection by the parties, as though it were one analogous to an appeal.

Plaintiff has attacked the finding that there were isolated instances of the employment of one regular and two casual employees at the same time on the ground, among

others, that the use of the word "isolated" is an unwarranted misstatement of the evidence and misleading. The Court, however, may be relied on to look to the evidence rather than be influenced by the Board's choice of an adjective.

 The testimony produced before the Board is not before the Court and, hence, the Court is limited in its consideration of the questions presented to the record and documentary evidence. Moreover, since the findings of fact are, under Section 22 of the Act, conclusive, they may not be disturbed unless plaintiff is able to show that they are unsupported by any substantial evidence. In these circumstances it is obvious that this burden cannot be met. But the plaintiff contends that one exhibit, in the form of a graph which, although bearing no mark of identification, was included with other unmarked exhibits in a jacket marked Plaintiff's Exhibit No. 1, correctly reflects the testimony and other evidence in regard to the time worked by the one regular employee and the casual employees. A reference to this document discloses that six persons were employed for varying periods in October, November, and December 1946, as follows: for 27, 4, 2, 2, 2 and 1 days in October; 26, 13, 11, 2, 2 and 2 days in November; and 26, 18, 3, 3, 1 and 1 days in December. Expressed in another way, 3 or more persons were employed at the same time for 3 days in October, 11 days in November, and 4 days in December. The Board further found that on January 21st, in addition to the deceased, only the regular employee was employed. This record fails to show that the finding of the Board that there were, disregarding its connotations, "isolated" instances of the employment of one regular and two casual employees at the same time, was unsupported by any substantial evidence.

The other finding attacked, that the established mode or plan of operation of the defendant's business involved the employment of but one employee, is not one of fact but a conclusion of law, for in effect it concludes from the

evidence referred to that the defendant Milner did not employ 3 or more persons. Upon the correctness of this conclusion, the question of defendant Milner's liability turns. Plaintiff argues that when the number of employees reached 3 or more the defendant became subject to the act and remained so unless he gave notice of rejection when the number of employees fell below the statutory minimum of 3. The Act does not distinguish between regular and casual employees, and the use of such terms here is merely descriptive and without legal significance, except in connection with ascertaining the number of persons usually employed or which it was necessary to employ in the ordinary course of defendant's business in order to determine whether he was within the Act. Aside from the fact, however, that the Compensation Act does not authorize rejection of its terms under any circumstances, it is doubtful whether any authority directly supporting the proposition urged exists. There are authorities which appear to establish the rule that when the statutory minimum of employees is usually, customarily, or systematically employed or required in the ordinary course of conduct of the business, the employer is within the purview of the compensation statute irrespective of the fact that at times the number employed is less than the minimum. Thus, in Green v. Benedict, 102 Conn. 1, 128 A. 20, where the work schedule showed that during the 27 days preceding the accident, the number of employees varied from 2 to 7, that on 10 of the 27 days less than the statutory number of five, and on the remaining 17 days five or more persons were employed, it was held that the employer was not within the exception of the statute of cases in which less than five persons were regularly employed. See also: Employer's Liability Assurance Corporation v. Hunter, 184 Ga. 196, 190 S.E. 598; State ex rel. Herbert v. Sword, Ohio App. 62 N.E.2d 506; Marshall v. Industrial Commission, 62 Ariz. 230, 156 P.2d 729; Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626; Guse v. Industrial Commission, 189 Wis. 471, 205 N.W. 428, reversed on re-

hearing, 189 Wis. 471, 208 N.W. 493; Comerford v. Carr, 86 Colo. 590, 284 P. 121; La Croix v. Frechette, 50 R. I. 90, 145 A. 314.

██ The rule deducible from the foregoing authorities would seem to be that when the statutory number of persons is employed most of the time so that it can be said to be the rule rather than the exception; or where as in Mobile Liners v. McConnell, supra, the event or condition requiring their employment is a regularly recurring one in the ordinary course of the business, the employer is within the Act. Here neither test is met. In the three months preceding the employment of the deceased, the defendant Milner employed 3 or more persons at the same time on only 18 days out of a total of 79 working days, which is less than 23% of the working time. Although the question is not free from doubt, and much can be said in support of the proposition that workmen should not be compelled to inquire every morning whether they are under the protection of the Act, yet, since the line must be drawn somewhere, the rule established by these authorities does not seem unreasonable.

The decision of the Board is affirmed.