RAWLS, Acting Chief Judge.
The basic error committed by the trial court in this cause was its ruling that the Florida Workmen’s Compensation Law applied to an accident which occurred on October 17, 1972.
Appellant Subterranean operated a store in Gainesville, Florida, managed by William Killeen. In the fall of 1972, Subterranean maintained that it contracted with appellee Lewis, as an independent contractor, to remove and install electrical conduit in a vacant building which it was renovating. Lewis commenced work in August and on October 17, 1972, while descending a ladder, the ladder slipped and Lewis fell and suffered severe injuries.
Lewis instituted the instant suit alleging that he was a temporary employee of Subterranean; that his injury resulted from Subterranean’s lack of care in maintaining its premises for its employees; and that Subterranean breached its duty to maintain those premises in a safe condition. At this juncture, we pause to note that issue had been joined by the parties on common law negligence.
The matter proceeded to trial. At the close of plaintiff-appellee’s case, Subterranean, in moving for a directed verdict, stated, inter alia: “ . . . the Plaintiff [appellee] has failed to show that Workmen’s Compensation was required of the Plaintiff in this case and presented no proof of same.” The court responded, “The only point I would like to hear you on is whether or not you have shown the necessity of them to have Workmen’s Compensation.” Appellee’s attorney responded, “Yes, sir, I have. Mr. Killeen, as manager of the business, he said that he had employees. That is all you need under the Statute is one employee.” (Emphasis supplied.) The trial court then denied Subterranean’s motion. At the close of all the evidence, the trial judge instructed the jury that they should return a verdict for Lewis is they found Lewis to be Subterranean’s employee.
First, “ [i]t is well established in Florida that the substantive rights of the respective parties under the Workmen’s Compensation Law are fixed as of the time of the injury to the employee.” [1] On October 17, 1972, when Lewis was injured, the pertinent part of the Florida Workmen’s Compensation Law provided that the law was applicable to all private employers who had three or more employees[2] was of no consequence that on the date of trial the law had been changed to require only one employee.[3] The trial judge committed error in failing to apply the requirements *602 of the Workmen’s Compensation Law as enacted on the date of the accident.
Whether or not Subterranean, at the time of the accident, had three persons in its employ is a factual question. Our late colleague, Judge Sturgis, in Mathers v. Sellers [4] detailed the requirements in effect at the time of the accident for determining whether the requisite number of employees is met, viz:
“In order, therefore, to bring employment within the purview of our Act, it was necessary to show the existence of an established mode or plan of hiring three or more persons pursuant to some constant or periodic custom resulting in a numerical pattern of employment thát becomes the rule and not the exception.”
The elements of regularity, continuity, common employment, and duration should be considered in determining the applicability of the Act. An occasional increase in the number of workmen for some unusual occasion does not automatically result in application of the Act.[5]
Lewis tells us in his brief “that the chest beating and.teeth-gnashing of the defendant [appellant] about Florida Statute 440.02(1)(b) on October 17, 1972 is much ado about nothing.” In support of this statement, appellee analyzes testimony from which he concludes that the requisite proof was met that Subterranean had in its employ three or more employees. His “travail of analysis” reaches the requisite proof from the following: 1) Killeen, as manager of Subterranean, indicated he was an employee on October 17, 1972; 2) Har-olyn Locklair Killeen (wife of the manager) answered, “Yes, sir.”, to the question: “Now, at that time, did you keep the payroll records and write checks for employees?” This witness also testified that: “At times, I would work in the Circus, you know, at sales. I made out the payroll.”; and 3) that the jury found that on October 17, 1972, Lewis was an employee. This testimony of the secretary-treasurer as to keeping “payroll records and writing checks for the employees” certainly does not constitute proof of the elements of regularity, continuity, and common employment of three or more persons as required by the statute.
In view of our conclusion, we find it unnecessary to pass upon the other points on appeal which are posed by appellant. The judgment appealed is reversed and remanded for a new trial.
Reversed and remanded.
McCORD, J., and SMITH, Samuel S., Associate Judge, concur.

. Sullivan v. Mayo, 121 So.2d 424 (Fla.1960).

. Florida Statute 440.02(1) (b) (1972).

.Florida Statute 440.02(1) (b) (1973), as amended by Chapter 73-127, Laws of Florida.

. Mathers v. Sellers, 113 So.2d 443 (Fla.App.1st 1959).

. Kelley v. Haylock, 163 Wis. 326, 157 N.W. 1094 (1916).