LLOYD FRANK LOGGING and
Liberty Mutual Insurance Company,
Petitioners-Appellants,

v.

Charles J. HEALY and Labor
and Industry Review Commission,
Respondents-Respondents.

Court of Appeals

No. 2007AP692. *Submitted on briefs October 2, 2007.*
*—Decided October 30, 2007.*

2007 WI App 249

(Also reported in 742 N.W.2d 337.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *James O. Moermond* of *Stilp & Cotton*, Wausau.

On behalf of the respondents-respondents, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *David C. Rice*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. Lloyd Frank Logging and its insurance carrier, Liberty Mutual Insurance Company (collectively, Lloyd Frank), appeal an order of the circuit court affirming a decision by the Labor and Industry Review Commission. The Commission concluded that Charles Healy was an employee of Lloyd Frank's because he did not fulfill the statutory definition of an employer. Lloyd Frank argues that Healy was an employer primarily because he purchased a worker's com-

pensation insurance policy. We reject Lloyd Frank's argument as contrary to the statutes and, accordingly, affirm the order.

## Background

¶ 2. In December 2000, Healy entered an agreement with Lloyd Frank to cut trees. The job was conditioned on Healy purchasing a worker's compensation insurance policy. He did, but cancelled it after Lloyd Frank told him it was unnecessary. However, Healy maintained a policy for his sole proprietorship, Charles Healy Four Seasons. It is unclear why Healy had this policy; he never employed any individual at Four Seasons other than himself. Healy was injured March 9, 2001, while cutting trees for Lloyd Frank.

¶ 3. Lloyd Frank initiated administrative proceedings for a determination whether Healy was entitled to worker's compensation benefits. The administrative law judge determined that although Healy was an independent contractor, he was still an employee, subject to the Worker's Compensation Act.

¶ 4. Lloyd Frank petitioned the Commission for review, arguing that because Healy had purchased a worker's compensation policy for his own business, he was an employer. *See* WIS. STAT. § 102.05(2).[1] Therefore, as an employer, Healy could not also be an employee. *See* WIS. STAT. § 102.07(8m).[2] The Commission affirmed

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] WISCONSIN STAT. § 102.07(8m) states, in relevant part, that any "employer who is subject to this chapter is not an employee of another employer for whom the first employer performs work . . . ."

the ALJ's decision and further determined that because Healy never had any employees, he was not an employer.

¶ 5. Lloyd Frank petitioned the circuit court for review. The court upheld the Commission's determination that Healy was not an employer because he never had employed anyone and affirmed the Commission decision.[3] Lloyd Frank appeals.

## Discussion

¶ 6. On appeal, we review the agency's decision, not the circuit court's. *White v. LIRC*, 2000 WI App 244, ¶ 12, 239 Wis. 2d 505, 620 N.W.2d 442. The sole question is whether the Commission correctly interpreted portions of the Worker's Compensation Act when it concluded Healy is not an employer. Generally, statutory construction is a question of law that courts review de novo. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 659, 539 N.W.2d 98 (1995).

¶ 7. We are not bound by an agency's interpretation of a statute. *Id.* We should, however, defer to an agency's interpretation in certain situations. *Id.* It is well-known that there are three levels of deference—great weight, due weight, and no weight—based on various factors. *See id.* at 659–60. Here, the circuit court concluded the Commission was entitled to due weight deference; Lloyd Frank urges us to undertake de novo review. We need not decide which level is appro-

---

[3] The court also affirmed the portion of the decision relating to Healy's status as an independent contractor, but that part of the Commission's decision is not before us on appeal.

priate in this situation because even with a de novo review, we would affirm the Commission's decision.

¶ 8. We start with WIS. STAT. § 102.05(2), which states, in relevant part: "Any employer who shall enter into a contract for the insurance of compensation, or against liability therefor, shall be deemed thereby to have elected to accept the provisions of this chapter . . . ." Lloyd Frank emphasizes Healy's purchase of a worker's compensation policy to assert he "elected to accept the provisions of this chapter" and is therefore an employer under the Act.

¶ 9. However, the statutory interpretation should not begin with the phrase "enter into a contract" but, rather, with the phrase "[a]ny employer." For purposes of the worker's compensation policy, "employer" is explicitly defined in WIS. STAT. § 102.04. The definition includes every person who employs three or more employees and every person who "usually employs less than 3 employees, provided the person has paid wages of $500 or more in any calendar quarter for services performed in this state." *See* WIS. STAT. § 102.04(1)(b)1–2.

¶ 10. Lloyd Frank makes no attempt to argue Healy is an employer as defined by statute. Instead, it cites *Stapleton v. Industrial Commission*, 249 Wis. 133, 23 N.W.2d 514 (1946) (*Stapleton I*), to argue that because Healy purchased a worker's compensation policy, he is properly considered an employer.

¶ 11. The court in *Stapleton I* wrote, in part:

> The purpose of sec. 102.04 (3) [1943] is to permit any person, firm, or private corporation who has less than three employees, or otherwise does not come under the act, to elect to come under the act . . . . What it does is to permit such person, firm, or private corporation to elect to become subject to the act by filing with the commission a written statement that he accepts the

> provisions of this chapter, or he may elect to become
> subject to the act by entering into a contract for the
> insurance of compensation.

*Stapleton I*, 249 Wis. at 139. Lloyd Frank essentially reads *Stapleton* to say the statutory purpose "is to permit any person . . . to elect to come under the act . . . by entering into a contract for the insurance of compensation."

¶ 12. We do not read *Stapleton I* quite as broadly as Lloyd Frank. For one thing, the case is distinguishable. The supreme court ultimately determined Stapleton was an employer subject to the act because he had three employees at one point in time. *See Stapleton v. Industrial Comm'n*, 249 Wis. 133, 139b, 26 N.W.2d 677 (1947) (*Stapleton II*). Thus, we could say that any extraneous language in *Stapleton I*, like that cited by Lloyd Frank, was merely dicta and was implicitly overruled by *Stapleton II*.

¶ 13. However, we think a better explanation is that "person" refers to an individual *as an employer* as contrasted with a firm or corporation as employers, and such an interpretation finds support in the statutory language. WISCONSIN STAT. § 102.04(3) (1943), stated, in relevant part:

> *Every person,* firm and private corporation . . . to whom subsection (2) is not applicable, *who has any person in service under any contract of hire* . . . and who, at or prior to the time of the injury . . . shall, in the manner provided in section 102.05, have elected to become subject to the provisions of this chapter . . . . (Emphasis added.)

This provision is roughly equivalent to modern § 102.04(1)(e).[4] WISCONSIN STAT. § 102.05 (1943) was

---

[4] WISCONSIN STAT. § 102.04(1)(e) states:

titled "Election by *employer,* withdrawal" and subsection (3) stated, in relevant part: "*Any employer* who shall enter into a contract for the insurance of compensation, or against liability therefore, shall be deemed thereby to have elected to accept the provisions of this chapter . . . ." (Emphasis added.) This is roughly analogous to modern WIS. STAT. § 102.05(2), quoted above. *See supra,* ¶ 8.

¶ 14. Read in context, then, it is apparent that when the *Stapleton I* court and WIS. STAT. § 102.04(3) (1943) refer to any "person, firm, and[/or] private corporation," they are describing types of entities that may be employers. Nothing about the court's decision or the statute implies that individuals who are not also employers may opt into the Worker's Compensation Act's jurisdiction. Ultimately, Lloyd Frank is bootstrapping, arguing that because Healy "bought a worker's compensation policy, he is considered an employer under the Act," even though to elect to come under the Act by purchasing a policy, Healy had to be an employer in the first place.

██

¶ 15. The Commission properly started its analysis by asking whether Healy was an employer. Because he never had individuals in his service as employees—and he does not otherwise fulfill the statutory definition of an employer—he is not an employer, the worker's compensation policy notwithstanding. The Commission

Every person to whom pars. (a) to (d) are not applicable, who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the injury to the employee for which compensation may be claimed, shall, as provided in s. 102.05, have elected to become subject to the provisions of this chapter, and who shall not, prior to such accident, have effected a withdrawal of such election.

correctly concluded that because Healy is not excluded from the definition of employee, he is entitled to benefits from Lloyd Frank.[5]

*By the Court.*—Order affirmed.

---

[5] Lloyd Frank also argues that Healy stipulated or conceded he was an employer. Whether facts fulfill a statutory standard is a question of law. *State v. Disch*, 129 Wis. 2d 225, 234, 385 N.W.2d 140 (1986). Thus, whether Healy is an employer or employee under the Worker's Compensation Act is question of law. We are not bound by the parties' concessions of law, *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 7, 564 N.W.2d 712 (1997), particularly a concession based on an erroneous interpretation of the law. Our attitude might differ if this issue were raised in the context of an issue preclusion argument, but no such theory has been raised, and we will not develop such an argument for Lloyd Frank. *M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 244–45, 430 N.W.2d 366 (Ct. App. 1988).