## MARIE DI ORIO *vs.* WAITE EVANS CO.

APRIL 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY J.  This cause is before this court on petitioner's appeal from a decree entered by the Superior Court dismissing her appeal from the decision of the commissioner of labor who denied her right to compensation under the Workmen's Compensation Act.

Petitioner alleged that by accident her hands became infected in the course of her employment by the respondent. Respondent denied this allegation. After hearing the petitioner and her witnesses the commissioner filed his decision in which he held that the injuries to petitioner's

hands were caused by chemicals necessarily used in her work and that her injuries were due to an occupational disease for which the Act awarded no compensation, and dismissed her petition. This decision was filed February 11, 1933, and notice thereof was duly given to the parties. June 3, 1933, petitioner gave the commissioner written notice of her appeal from his decision and he certified all the papers in the cause to the Superior Court as required by Section 4 of Chapter 1207, P. L. 1928. Respondent filed a motion in the Superior Court to dismiss the appeal because it was not claimed within five days after notice of the decision of the commissioner of labor as required by said section 4.

We find no error in the decree of the Superior Court granting this motion and dismissing the appeal. Said section 4 states that the commissioner, after hearing the witnesses, in a summary manner shall decide the merits of the controversy and shall file his decision in writing together with his order upon the parties in accordance therewith. Said section gives each party a right to appeal from said decision within five days after notice thereof. The time within which the appeal must be claimed is expressly limited and cannot be extended by judicial construction. To permit an appeal to be filed any time after the expiration of five days would nullify the next clause in the statute which gives the party receiving a favorable decision from the commissioner the right to commence proceedings to enforce compliance with his order ten days after the entry thereof.

Petitioner argues that the provision relating to appeals does not apply to her because she was a minor (20 years of age) at the time the decision of the commissioner was filed. The portion of said section 4 cited in support of this argument does not apply as the provision cited is only for the benefit of minors who are respondents. Minors lawfully employed are deemed *sui juris* and may prosecute proceedings for compensation and consequently are bound by all the provisions of law relative thereto. § 1210, G. L. 1923.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*O'Shaunessy & Cannon*, for petitioner.
*Sherwood & Clifford*, *Sidney Clifford*, for respondent.