## HILTY v. FAIRBANKS EXPLORATION CO.

No. 7760.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1936.

J. Joseph Sullivan, of San Francisco, Cal., Julien A. Hurley of Fairbanks, Alaska, and John L. McGinn, of San Francisco, Cal., for appellant.

Alfred Sutro, Francis N. Marshall, and Pillsbury, Madison & Sutro, all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant brought this action under the Alaska Workmen's Compensation Act (Comp.Laws Alaska 1933, §§ 2161–2203) to recover of appellee compensation for a personal injury alleged to have been received by appellant in the course of her employment by appellee. Appellee demurred to appellant's second amended complaint, on the ground that it did not state facts sufficient to constitute a cause of action and on the further ground that the action was not commenced within the time limited by law for the commencement of such actions. The District Court sustained the demurrer, and, no request being made for leave to plead further, thereupon entered judgment dismissing the action. This appeal is from that judgment.

Section 1 of the Alaska Workmen's Compensation Act (Comp.Laws Alaska 1933, § 2161) provides: "Any person * * * or corporation employing five or more employees * * * shall be liable to pay compensation, * * * to each of his, her, their or its employees who receives a personal injury by accident arising out of and in the course of his or her employment. * * *"

Section 10 of the act (Comp.Laws Alaska 1933, § 2170) provides: "The right to compensation for an injury and the remedy therefor granted hereby shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for, shall accrue to employees entitled to compensation hereunder while it is in effect. * * *".

Section 29 of the act (Comp.Laws Alaska 1933, § 2189) provides: "Any and all claims for compensation hereunder shall be barred unless an action for the recovery of the same shall be commenced within two years after the cause of action shall have accrued, or, in the event of mental incapacity, within two years after the removal of such mental incapacity."

The second amended complaint alleges that appellee is, and was at all times therein mentioned, a corporation doing business in Alaska and employing in its business five or more employees; that during and prior to the month of June, 1928, appellant was employed by appellee as a cook at appellee's camp in Alaska; and that appellant and appellee had elected to be bound and were bound by the Alaska Workmen's Compensation Act.

The second amended complaint further alleges that on June 20, 1928, appellant, in the course of her employment and in the performance of her duties as cook, went to a "meat cache," where meats and other foods were stored, for the purpose of procuring meat for cooking; that, in order to enter said "cache," appellant stepped on a wooden box which had been placed at the entrance thereof and was used as a "step" in entering said "cache"; that, when appellant stepped on said box, it tipped forward, caused her to lose her footing, and threw her to the ground; that, as a result of said fall, appellant "suffered a physical shock and an injury to her left knee joint, and was unable to raise herself from the ground, and had to be assisted in order to rise"; that appellant, "immediately after said injury, suffered a dull aching pain in said knee, and the same was slightly swollen and caused her inconvenience"; and that, "shortly after the injury hereinabove complained of," appellant informed appellee "of the injury that she had received, as aforesaid."

Elsewhere in the second amended complaint it is specifically and repeatedly alleged that appellant's injury was received on June 20, 1928. This action was commenced on December 7, 1933, more than five years after the date of appellant's injury. She contends, however, that her cause of action accrued, not on the date of her injury, but on December 7, 1932, when, it is alleged, a surgical operation was performed on appellant's knee, which rendered her left leg permanently useless. As a basis for this contention, the second amended complaint alleges, in effect, that the condition of appellant's knee grew progressively worse from the date of her injury to the date of the operation. The operation, she says, was the "culmination" of her injury, and, since the action was commenced within two years after the operation, she contends that it was not barred.

This contention is inconsistent with section 4 of the act (Comp.Laws Alaska 1933, § 2164), which provides: "If any injured employee entitled to compensation hereun-

der shall be paid compensation under any subdivision or part of this schedule, and it shall afterwards develop that he or she is or was entitled to a higher rate of compensation under some other part or subdivision of this schedule then and in that event he or she shall receive such higher rate, after first deducting the amount that has already been paid him or her. Provided, however, that no compensation under such increased rate shall be paid unless the disability entitling the employee thereto shall develop within two years after the injury."

By this section progressive injuries and disabilities are expressly provided for. It is apparent therefrom that, under this act, there can be no cause of action for any disability developing more than two years after the injury. Appellant's injury occurred on June 20, 1928. Therefore her cause of action must have accrued on or before June 20, 1930, more than three years before this action was commenced.

Appellant attempts to escape the limitation prescribed in section 29 of the act (Comp.Laws Alaska 1933, § 2189) by alleging that the relation between her and appellee "was one of trust and confidence"; that it was the duty of appellee to know and apprise appellant of the fact that the condition of her knee resulted from the injury received by her on June 20, 1928; that appellee breached this duty and, from the time of said injury to the month of February, 1932, concealed said fact from appellant and kept her in ignorance of it; that this was done by representations made by appellee through its physicians and surgeons and believed and relied on by appellant; and that, by reason thereof, appellant "was led to forbear" claiming any compensation under the act or bringing any action thereunder. It is contended by appellant that appellee's conduct "amounted to fraud and resulted in the tolling of the statute of limitations."

This contention must be rejected. Section 29 is more than a statute of limitations. The limitation therein prescribed goes not merely to the remedy, but to the right of action created by the act. This right of action is wholly statutory and must be accepted with all the conditions and limitations which the act imposes. The requirement that action be commenced within two years is a limitation upon the right, not a mere limitation upon the remedy. This requirement is absolute and unconditional. If the action is not commenced within two years, there is no right of action, and pleas of ignorance, concealment, misrepresentations, and fraud are of no avail. Rogulj v. Alaska Gastineau Mining Co. (C.C.A.9) 288 F. 549, 550.

Appellee's demurrer was properly sustained.

Judgment affirmed.