## SHUGARD v. HOAGE.

### No. 6682.

United States Court of Appeals for the District of Columbia.

Decided Feb. 8, 1937.

Leo Shugard, pro se.

Leslie C. Garnett, Allen J. Krouse, Henry I. Quinn, and Austin F. Canfield, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal was taken from a final decree of the lower court in a compensation case brought by appellant under the District of Columbia Workmen's Compensation Law (Act May 17, 1928, D.C.Code, Tit. 19, ch. 2, §§ 11, 12 [33 U.S.C.A. § 901 note], making applicable to employees in certain employments in the District of Columbia the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, U.S.C. tit. 33, ch. 18, § 901 et seq. [33 U.S.C.A. § 901 et seq.]).

It appears that on December 14, 1931, the appellant while in the employ of the District of Columbia Committee on Unemployment suffered an injury to his back, and on March 25, 1932, he filed a claim for compensation with the deputy commissioner pursuant to the compensation act above cited.

The claim was heard by the deputy commissioner, and on June 6, 1932, he made an award to the claimant for temporary total disability from December 15, 1931, to and including January 31, 1932, a period of 6⁶/₇ weeks at $6.75 per week, amounting to $46.28, and the amount thereof was paid to claimant in satisfaction of the award. As no proceedings for the suspension or setting aside of this order were instituted, it therefore became final at the expiration of the thirtieth day thereafter, to wit, on July 6, 1932. Section 21 (a) of the act (33 U.S.C.A. § 921 (a).

Afterwards on March 15, 1933, the claimant filed a claim for modification of the foregoing award under section 22 of the act, 44 Stat. 1437 (see 33 U.S.C.A. § 922), and on April 20, 1933, after a hearing with notice to claimant, the deputy commissioner entered a finding and award dismissing the claim for want of jurisdiction under the provisions of section 22 of the act, inasmuch as the term of the award had expired and the compensation order in respect to it had become final.

No review was sought by the claimant under section 21 (a) of the act from either of these compensation orders until on March 3, 1934, when claimant as plaintiff filed in the Supreme Court of the District of Columbia a paper entitled an "affidavit," wherein he sought a review of all of the foregoing proceedings before the deputy commissioner.

Afterwards in the same proceeding appellant filed an amended petition setting out fully the basis of his claim. He alleged that his injury had resulted in total and permanent disability, that on June 19, 1932, he presented a hospital report to that effect to the deputy commissioner, and requested that his cause for compensation be reopened and a hearing had for further compensation on account of the continuation of his impaired physical condition resulting from his injury; that the deputy commissioner refused to allow a further hearing; that the order of the deputy commissioner awarding compensation to claimant did not become final until July 6, 1932; that claimant was without counsel and advised the deputy commissioner of that fact, but nevertheless the deputy commissioner proceeded to try the cause. Claimant prayed that the order passed by the deputy commissioner on June 6, 1932, be set aside and that he be awarded compensation at the rate of $6.75 per week to the date of the decree in this cause, or until claimant has sufficiently recovered from his injury to be discharged as physically able to work.

An answer was filed by the deputy commissioner alleging, among other things, that he had no knowledge that claimant had presented a hospital report to him on June 19, 1932.

On January 31, 1936, the lower court held upon the record that owing to the lapse of time before the filing of appellant's case in court, the court was without jurisdiction under the statute to hear the case. It was therefore dismissed. From that decision, this appeal was taken.

The following sections are taken from the compensation act in force at the time covered by this record:

"Sec. 21. (a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 19 [919 of this chapter], and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

"(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District)."

"Sec. 22. Upon his own initiative, or upon application of any party in interest, on the ground of a change in conditions, the deputy commissioner may at any time during the term of an award and after the compensation order in respect of such award has become final, review such order in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, increase, or decrease such compensation. Such new order shall not affect any compensation paid under authority of the prior order."

Under the provisions of the foregoing sections as then in force, it is plain that the compensation order entered by the deputy commissioner on April 20, 1933, became effective when filed in the office of the deputy commissioner; no proceedings for the suspension or setting aside of such order having been instituted as provided under subsection (b), the order became final upon the expiration of the thirtieth day thereafter, to wit, on May 20, 1933; and that the order could not be suspended or set aside in whole or in part under section 21 (a), supra, through injunction proceedings, mandatory or otherwise, instituted in the lower court after May 20, 1933. Inasmuch therefore as the appellant did not file his suit in the lower court until March 3, 1934, it is plain that the court lacked jurisdiction to hear and determine the case.

Although the appellant does not deny the application of these principles of the law in relation to the case, he urges the court to apply broad and liberal principles of equity to the case in order to save him from the consequences of delays for which he does not feel responsible.

In appellant's brief he says: "With respect to the jurisdiction of an equity court to review and determine appellant's cause,

the courts have consistently adhered to the rule that a court of equity should be guided and governed in its deliberations by the fixed maxims that 'Equity regards substance and intent rather than form of transaction.' Also 'He who seeks equity must do equity', as well as 'He who comes into equity must come with clean hands.' A court of equity has the power to disregard the order denying its jurisdiction to review and determine this cause, and the interest of justice would be served."

It is with regret that we fail to find any authority for such a course. The right which the appellant seeks is of statutory origin and definition, and the granting of it is limited and restricted by statutory rules. The provisions relating to the time within which the claimant shall present and prosecute his claim are essential parts of the procedure. The court accordingly cannot revive a claim when barred by the limitations contained in the act.

In Nichols v. State Compensation Com'r, 111 W.Va. 34, 160 S.E. 854, 855, it is said:

"While it goes without saying that the provisions of the Workmen's Compensation Act should be liberally construed in order that the benign purposes of the act may be fostered, it does not follow that either the commissioner or this court, in a spirit of excessive beneficence, may ignore plain and explicit mandates of the statute. The legislative requirements that objection shall be made within ten days after an adverse ruling as a condition precedent to appeal, and that application for appeal shall be made within ninety days subsequent to final order are so clear and plain that there is no room for interpretation."

In the case of Di Orio v. Waite Evans Co., 54 R.I. 240, 172 A. 320 (April 27, 1934), the following statement is made by the court:

"We find no error in the decree of the superior court granting this motion and dismissing the appeal. Said section 4 states that the commissioner, after hearing the witnesses, in a summary manner shall decide the merits of the controversy and shall file his decision in writing together with his order upon the parties in accordance therewith. Said section gives each party a right to appeal from said decision within five days after notice there-

of. The time within which the appeal must be claimed is expressly limited and cannot be extended by judicial construction."

See, also, Humphrey's Case, 226 Mass. 143, 115 N.E. 253.

We are therefore constrained by the record to affirm the decree of the lower court.

Affirmed.