**O'LOUGHLIN v. PARKER, Deputy Com'r, U. S. Employees' Compensation Commission.**

**No. 5613.**

Circuit Court of Appeals, Fourth Circuit.

Oct. 28, 1947.

Fred W. Richter and Reuben E. Spandorfer, both of Norfolk, Va., for appellant.

Leon T. Seawell, of Norfolk, Va. (Harry H. Holt, Jr., U. S. Atty., and Llewellyn S. Richardson, Asst. U. S. Atty., both of Norfolk, Va., and Ward E. Boote, Chief Counsel, of Washington, D. C., and Herbert P. Miller, Asst. Chief Counsel, of New York City, both of United States Employees' Compensation Commission, on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

James J. O'Loughlin (hereinafter called claimant) filed a claim, seeking compensation for personal injuries, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (hereinafter called the Act), 33 U.S.C.A. § 901 et seq., with E. V. Parker, Deputy Commissioner (hereinafter called the Commissioner). After a hearing, the Commissioner rejected the claim. Thereupon, claimant, under § 21(b) of the Act, 33 U.S.C.A. § 921(b), sought a review of the Commissioner's order in the United States District Court for the Eastern District of Virginia. When the District Court sustained a motion to dismiss the complaint, claimant appealed to us.

The essential facts found by the Commissioner were that claimant was injured while in the employ of Dry Docks Associates at Portsmouth, Virginia, on June 23, 1941. The Commissioner found further that claimant "sustained personal injury resulting in his disability while he was employed as an operating engineer, and performing work in connection with the construction of a large dry dock in the Norfolk Navy Yard, Portsmouth, Virginia; that while applying belt dressing to the conveyor belt in the concrete-mixing plant, the claimant was thrown on top of the conveyor and pinned between the bulkhead and a large roller; * * * that at the time of the accident concrete was being poured under the waters of the Elizabeth River to provide a floor for the dry dock; the work on the side walls had not begun; a tremie barge was afloat upon navigable waters and this barge was connected with iron pipes leading to the concrete plant located on shore; the concrete was pumped through the pipes from the mixing plant to the barge, from whence it was poured through hoppers into pipes leading to the underwater forms; that the concrete mixing plant, a temporary structure, had been erected on land; at the time of his injury the claimant was at work at the top of a tower of the mixing plant; from the nearside of the mixing plant to the water's edge was about 300 feet, and at high tide the waters of the Elizabeth River would be about 30 to 50 feet away from the nearest point of the mixing plant; that at the time of his injury the claimant was engaged in maritime employment in the construction of a dry dock, but was not *upon* the dry dock, nor *upon* the navigable waters of the United States."

The precise problem before the Commissioner (and the District Court) was whether the injury received by claimant was, as the Act requires, § 3(a), 33 U.S.C.A. § 903(a), "an injury occurring upon the navigable waters of the United States (including any dry dock)." We think that the Commissioner and the District Court were correct in answering this question in the negative.

It is undeniably true that the Act is remedial in character and must be liberally construed; Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; Travelers Ins. Co. v. Branham, 4 Cir., 136 F.2d 873; it is, however, equally undisputed that the compensation order below must be accepted by us if it has warrant in the record and a reasonable basis in law. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. ——; National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; Parker v. Motor Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229. And see the emphatic language used by Mr. Justice Black in Davis

v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246.

■ ■ Claimant endeavors to succeed upon either of two theories, both of which seem to us to be untenable. The first theory is that the preposition "upon" in Section 3(a) of the Act (quoted in part above) is used in a *functional,* rather than a *territorial* sense. The Act then would apply to one who was doing work in connection with, and contributing to, the erection of a dry dock, even though this work was actually not done in or upon the dry dock itself but rather upon dry land. The second theory is that the Act applies if the work is on land in an adjacent area reasonably close to the dry dock. There has been no case cited which goes so far.

These contentions find no support in the two cases, relied upon by claimant, which were recently decided by our Court. In Travelers Insurance Co. v. Branham, 4 Cir., 136 F.2d 873, the employee fell from a gang plank extending from a floating barge within the uncompleted dry dock. In Travelers Insurance Co. v. McManigal, 4 Cir., 139 F.2d 949, the employee fell from the side of the wall of the uncompleted dry dock.

In the instant case, the injury occurred, not in or on the dry dock, not from a barge or vessel, but on a concrete mixing plant, a temporary building (utterly nonmaritime in nature) erected on land; at that time work on the walls of the dry dock had not even been begun.

Nor are we impressed by the final contention urged upon us as a ground for reversal of the judgment below. Claimant, in a letter addressed to the District Court, called the attention of that court to certain alleged evidence not in the record and not introduced before the Commissioner. This evidence, according to the claimant, purported to show that at certain high tides the concrete mixing plant was within the high water mark and also that the site of the plant was at a place which subsequently became a part of the "shelf" of the dry dock. Claimant asserts that we "should do now what the lower court should have done and refer this matter back to the Deputy Commissioner for review."

■ We need not speculate on the potential probative force of this allegedly new evidence. Under § 22 of the Act, 33 U.S.C.A. § 922, the Deputy Commissioner has very full power to review his decision "upon his own initiative, or upon the application of any party in interest." Claimant should have made his application to the Deputy Commissioner and not to the District Court. It is for the Deputy Commissioner in the first instance to decide whether such an application falls fairly within the ambit, and upon the conditions, set forth in Section 22. Only when the action of the Deputy Commissioner is an abuse of discretion will his action be disturbed upon appeal. The Act prescribes the rights, remedies and procedures under it; only the powers conferred upon it by the Act can validly be exercised by a reviewing court. And the reviewing court considers only the record which the Deputy Commissioner had before him. Bassett v. Massman Construction Co., 8 Cir., 120 F.2d 230; Simmons v. Marshall, 9 Cir., 94 F.2d 850; Shugard v. Hoage, 67 App.D.C. 52, 89 F.2d 796; Associated Indemnity Corp. v. Marshall, 9 Cir., 71 F.2d 235. And nowhere in this record does it appear that claimant applied to the Deputy Commissioner for a review of his decision.

In view of the grounds set out above as the basis for our affirmance of the judgment in the District Court, we do not think it is necessary to discuss what effect, if any, acceptance by claimant of benefits under Virginia Workmen's Compensation Act, Code 1942, § 1887 (1) et seq., would have upon claimant's right to a recovery under the federal Longshoremen's and Harbor Workers' Compensation Act.

The judgment of the District Court is affirmed.

Affirmed.