## TUDMAN v. AMERICAN SHIP BLDG. CO. et al.

### No. 9594.

United States Court of Appeals Seventh Circuit.

Nov. 16, 1948.

George J. Avery, of Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., John P. Lulinski and M. C. Handelman, Asst. U. S.

Attys., Thomas Angerstein, George Angerstein and Charles Wolff, all of Chicago, Ill., for appellees.

Before SPARKS, Chief Judge, MAJOR, Circuit Judge, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order dismissing plaintiff's amended petition to review and set aside as not in accordance with law, two compensation orders filed by Deputy Commissioner Leonard C. Brown, one on February 15, 1945, and the other on November 12, 1946, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

Claimant filed a claim for additional compensation under the Act, claiming that while employed as a rigger for the American Ship Building Company on June 21, 1944, he sustained permanent injuries when he fell from a scaffold about fifteen feet to the deck of a vessel. He had been furnished medical treatment by the employer and was paid $321.42 compensation for total disability from June 27, 1944, to September 24, 1944, inclusive, but claimed disability beyond the latter date; hearings were held before the Deputy Commissioner on February 6, 1945, and February 9, 1945, and upon the evidence adduced before him the latter filed a compensation order on February 15, 1945, in which he rejected the claim upon the ground that claimant's disability had been fully compensated.

On December 28, 1945, plaintiff filed with the United States Employees' Compensation Commission a petition for modification of award. After considering the application and holding numerous hearings, the Deputy Commissioner on November 12, 1946 filed an order in which he affirmed the previous order of rejection of February 15, 1945.

On December 12, 1946, claimant filed in the court below a petition for judicial review of the order of November 12, 1946. On May 15, 1947, by leave of court, claimant filed an amended petition for judicial review both of the orders of November 12, 1946 and February 15, 1945. No proceeding was brought to review the order of February 15, 1945 until the filing of the amended petition on May 15, 1947.

The order appealed from does not disclose on what grounds plaintiff's amended petition was dismissed; however, the motion to dismiss alleged, among other things, that the order of February 15, 1945 became final upon the termination of March 17, 1945, the thirtieth day after its entry, 33 U.S.C.A. § 921(a), and that the court thereafter was without jurisdiction to review such order, that the proceeding under Sec. 22 which culminated in the order of November 12, 1946 was discretionary with the Deputy Commissioner, and that no abuse of discretion had been shown. Furthermore, it was alleged that the order of November 12, 1946 is amply supported by substantial and competent evidence.

■ Sec. 21(a) provides that "unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter." No proceeding having been filed within such period, it is hardly open to question but that the order of February 15, 1945 was not subject to review. "A compensation order becomes effective when filed, and, unless proceedings are instituted to suspend it or set it aside it becomes final at the expiration of thirty days." Crowell v. Benson, 285 U.S. 22, 44, 52 S.Ct. 285, 290, 76 L.Ed. 598. See also Mille v. McManigal, 2 Cir., 69 F.2d 644; Shugard v. Hoage, 67 App.D.C. 52, 89 F.2d 796; Pillsbury v. Alaska Packers Association, 9 Cir., 85 F.2d 758.

■ Thus, it would appear that the court erroneously permitted plaintiff to file his amended complaint which sought a review of the order of February 15, 1945, as well as the order of November 12, 1946. We are of the view, however, that even though both orders were included in the amended complaint, plaintiff was entitled or at any rate the court was authorized to review the latter order wherein review was sought within the appropriate time

Assuming such to be the case, this brings us to a consideration of the character of

the proceedings provided for by Sec. 22. So far as here material, it provides:

"Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, * * * at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 * * *."

■ Thus, it will be observed that under this section the Commissioner is given authority to review a compensation case only in two respects, (1) on the ground of a change in conditions and (2) because of a mistake in a determination of fact. As we understand plaintiff's petition for modification, a review was sought upon both grounds. As we interpret Sec. 22, it does not contemplate that the Deputy Commissioner shall again evaluate the evidence which forms the basis for his previous findings and order. To hold otherwise is to render meaningless the provision that such order becomes final unless proceedings are brought for review within thirty days. What Sec. 22 evidently does contemplate is that the Deputy Commissioner may review his previous order with the limitation that it must be upon the two grounds enumerated. And this is a new proceeding wherein the Commissioner may determine from evidence before him (not the evidence upon which the prior order was based) whether a new order should be entered. This interpretation of Sec. 22 finds support in the cases. Bethlehem Shipbuilding Corp. v. Cardillo, 1 Cir., 102 F.2d 299, 302, 303; Luckenbach S.S. Co., Inc., v. Norton etc., 3 Cir., 106 F.2d 137, 138; Pillsbury v. Alaska Packers Association, supra.

It appears that the Deputy Commissioner proceeded on a theory consistent with our interpretation of Sec. 22. Upon plaintiff's application for modification of the previous order, testimony was heard and findings of fact were made, and upon such findings the Commissioner ordered:

"Upon the foregoing Amended Findings of Fact, it is hereby Ordered that the Order of Rejection heretofore entered herein on February 15, 1945, be and it is hereby re-affirmed."

■ At the hearing which culminated in the order of November 12, 1946, numerous witnesses were heard, including several physicians and the plaintiff. A discussion or analysis of this testimony would serve no useful purpose. A reading of it is convincing that it affords substantial support for the order. Under such circumstances, the findings of fact made by the Deputy Commissioner must be accepted by the court. Marshall v. Pletz, 317 U.S. 383, 388, 63 S.Ct. 284, 87 L.Ed. 348; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 257, 60 S.Ct. 544, 84 L.Ed. 732.

The order dismissing the amended petition is affirmed.