Vernon S. SCOTT, Plaintiff,

v.

ALASKA INDUSTRIAL BOARD and Columbia Lumber Company of Alaska, Defendants.

No. 6987–A.

District Court, Alaska
First Division, Juneau.

Sept. 15, 1954.

Robertson, Monagle & Eastaugh, Juneau, Alaska, for plaintiff.

Faulkner, Banfield & Boochever, Juneau, Alaska, for defendant.

FOLTA, District Judge.

The plaintiff has appealed from an award of the Alaska Industrial Board on the ground that he is entitled to compensation for temporary disability for a longer period than that allowed. The defendant Columbia Lumber Company, alleging that it has overpaid the plaintiff for such disability, has interposed a counterclaim for the amount of the alleged overpayment, which the plaintiff has moved to strike.

A disposition of the question presented by the motion to strike involves an analysis of the provisions of the Workmen's Compensation Act governing the review of the orders of the Industrial Board. Sec. 43–3–22, A.C.L.A.1949, so far as pertinent, is as follows:

"*Award to be final and conclusive: Questions of fact: Injunction proceedings: Certification of questions by Board: Advancement on docket: Early determination: Increase in award.* * * * An award by the full Board shall be conclusive and binding as to all questions of fact; but either party to the dispute, within thirty days from the date of such award, if the award is not in accordance with law, may bring injunction proceedings, mandatory or otherwise, against the Industrial Board, to suspend or set aside, in whole or in part, such order or award."

As was pointed out in Grant v. Alaska Industrial Board, 11 Alaska 355 and Hemmingson v. Libby, McNeil, & Libby, D.C., 89 F.Supp. 502, 12 Alaska 651, the foregoing provisions of the local act are practically identical with their counterpart in the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. 901 et seq., 921. Of the nature of the proceeding under the Federal Act, it was said in Basset v. Massman Construction Company, 8 Cir., 120 F.2d 230, at page 233, certiorari denied 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520:

"Our special concern is with subdivision (b) as a part of this section." (Section 921 of the Act.)

"This subdivision prescribes the procedure to be 'through injunction proceedings'. Although so described, the proceeding is purely one of judicial review of the action of an administrative agency. It lacks a cardinal characteristic of ordinary injunction proceedings directed at administrative orders in that there is (except as to jurisdictional issues) no trial de novo of the facts. * * * In short, this proceeding is not the ordinary injunction but is a review proceeding in an admiralty court".

Thus it would seem that the statutory proceeding for the review of the orders of the Industrial Board is in the nature of an appeal rather than an independent action. The precise question presented therefore is whether a counterclaim may be interposed in such a proceeding. A like question under the federal act came before the court in Associated Indemnity Corporation v. Marshall, 9 Cir., 71 F.2d 235 and 420. There the employee had brought suit against the Deputy Commissioner to set aside the award; the insurance carrier answered and by way of cross-complaint sought to recover for alleged overpayment, and subsequently the carrier and the employer brought a separate suit against the Deputy Commissioner to set aside the award and for such overpayments. On appeal the trial court's dismissal of the separate suit and of the cross-complaint, on the ground that they had been filed too late, was affirmed, at pages 235 and 420, respectively. What the Court said, at page 236, concerning the dismissal of the separate suit and contentions of the appellant on the hearing of its petition for a rehearing on its cross-complaint, at page 420, is particularly enlightening. Since the statutory provisions of the federal and local act, bearing on the question presented, are, with immaterial differences in phraseology, practically identical, the reasoning of the cases cited is at least highly persuasive, if not controlling. I conclude therefore, that the doctrine of these cases is applicable to the case at bar and that the motion to strike should be granted.

Turning to the merits and applying the test laid down in U. S. v. U. S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746, I am unable to say that the finding of the Board with reference to temporary disability is not supported by substantial evidence, or that notwithstanding such support one is left with the conviction, upon a consideration of the entire case, that a mistake has been made, and hence I am of the opinion that the award should stand.