ALASKA MINES AND MINERALS, IN-
CORPORATED, formerly known as De-
Coursey Mountain Mining Company, a
corporation, Appellant,

v.

ALASKA INDUSTRIAL BOARD; Henry
A. Benson, J. Gerald Williams and Ross
Duncan, as Members of the Alaska In-
dustrial Board; and Robert J. Annis, as
Administrator of the Estate of Chris C.
Dahl, Deceased, Appellees.

No. 10.

Supreme Court of Alaska.

July 1, 1960.

Arthur D. Talbot, Anchorage, for appellant.

F. O. Eastaugh, Juneau, Stanley J. Mc-Cutcheon, Anchorage, Ralph E. Moody, Atty. Gen., for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Associate Justice.

The principal question to be decided is whether the filing of a complaint for an injunction in the District Court [1] to set aside

and enjoin the enforcement of an award of the Alaska Industrial Board is the commencement of a "suit, action or proceeding", within the meaning of that portion of the Alaska Business Corporation Act which reads as follows:

> "No corporation, foreign or domestic, shall be permitted to commence or maintain any suit, action or proceeding in any court in Alaska without alleging and proving that it has paid its annual corporation tax last due and has filed its annual report for the last calendar or fiscal year for which such report became due for filing. * * *" [2]

On December 30, 1958, the Alaska Industrial Board awarded compensation to the appellee, Robert J. Annis. Within thirty days thereafter [on January 22, 1959] the appellant, pursuant to the provisions of Section 43-3-22, A.C.L.A.1949,[3] filed in the District Court a complaint for mandatory injunction, seeking to have the award set aside and to have Annis and the Board enjoined from attempting to enforce the award. The verified complaint alleged that appellant was a domestic corporation and that it had paid its corporation taxes last due under the laws of Alaska.

Appellees moved to dismiss the complaint on February 10.[4] The chief ground for the motion was that appellant had not in fact paid its annual corporation tax, as alleged in the complaint, and therefore that it was not permitted to commence or maintain the action by reason of the prohibition con-

---

1. The jurisdiction of the District Court for the District (Territory) of Alaska was terminated by Executive Order No. 10867 on February 20, 1960, 28 U.S.C.A. § 81A note. Jurisdiction over further proceedings in this action will devolve upon the newly created Superior Court of the State of Alaska, by reason of Section 16 of the Alaska Statehood Act, Public Law 85-508, 72 Stat. 350, approved July 7, 1958, 48 U.S.C.A. preceding section 21.

2. Section 124, Ch. 126, S.L.A.1957 [§ 36-2A-175, A.C.L.A.1949, Cum.Supp.].

3. This section of the Alaska Workmen's Compensation Act, which was in effect

at that time, provides in part, as follows:
"An award by the full Board shall be conclusive and binding as to all questions of fact; but either party to the dispute, within thirty days from the date of such award, if the award is not in accordance with law, may bring injunction proceedings, mandatory or otherwise, against the Industrial Board, to suspend or set aside, in whole or in part, such order or award. Such proceedings shall be instituted in the United States District Court for the district in which the injury occurred. * * *"

4. This motion was made under Rule 12, Rules of Civil Procedure, and was served within the time allowed by that rule.

tained in the Alaska Business Corporation Act.[5]

In response to this motion, appellant insisted that the tax had been paid. A statement to this effect was contained in appellant's amended complaint [6] and in an affidavit of the Assistant Secretary-Treasurer of the corporation—both of which were filed in the District Court on February 25. It was eventually established, however, that the corporate tax in question, which was due on or before January 1, 1959, was not paid until March 18 of that year.

On June 5 the District Court entered its order dismissing appellant's complaint, with prejudice, assigning as the reason for this action—

"* * * that plaintiff corporation did not pay its 1959 Alaska Corporation Tax until March 18, 1959, the same being due on January 1, 1959, with the result that the plaintiff is not entitled to maintain this action. * * *"

It is that order from which this appeal has been taken.

Under the workmen's compensation statute in effect at the time that the complaint was filed in the court below, appellant was afforded the right to test the lawfulness of the Industrial Board's decision by bringing injunction proceedings against it to suspend or set aside the award. But there is a time limitation in the statute: the proceedings in court must be brought "within thirty days from the date of such award." [7] If they are not, then the right to have judicial review is lost.[8] The basic question, then, is whether appellant instituted the proceedings in this case within the statutory period of limitation.

■ Under Alaska law a corporation, foreign or domestic, is not permitted to "commence or maintain any suit, action or proceeding in any court in Alaska without alleging and proving that it has paid its annual corporation tax last due * * *" [9] This must mean that if the corporation cannot truthfully allege that the tax has been paid, the prohibition will apply. It would be unreasonable to construe the statute as allowing an untrue averment to suffice; for as a matter of justice one should not be able to escape the sanction of the statute by making a false statement.[10] Therefore, the right to seek judicial review of an Industrial Board award is conditioned—so far as a corporation is concerned—upon the fact that the corporate tax has been paid in accordance with law.

The word "permit" means "to allow the act * * * of, to authorize." [11] If an act is not permitted, it is not allowed. The doing of the act is forbidden or prohibited.

■ Appellant filed its complaint with the court within thirty days from the date of the award. But at that time it was unable to truthfully allege that it had paid its annual corporation tax last due, because the tax was not paid until March 18. Therefore, on January 22 appellant was prohibited by law from commencing or maintaining the proceeding to set aside the Industrial Board's award.

5. footnote 2, supra.

6. The purpose of the amended complaint was to show the proper corporate name of the appellant, i. e., Alaska Mines and Minerals, Inc., rather than DeCoursey Mountain Mining Company.

7. Section 43-3-22, A.C.L.A.1949. This section and the remainder of the Workmen's Compensation Act then in effect were repealed and replaced by a new compensation act which became effective July 1, 1959, A.C.L.A.Supp. § 43-3-40 et seq.

8. See Sandlick Coal Co. v. Hughes, Ky. 1951, 239 S.W.2d 258; Shugard v.

Hoage, 1937, 67 App.D.C. 52, 89 F.2d 796; 100 C.J.S. Workmen's Compensation § 722 et seq., p. 1072 et seq. And cf. Hilty v. Fairbanks Exploration Co., 9 Cir., 1936, 82 F.2d 77, 5 Alaska Fed. 818, 821–822.

9. Section 124, Ch. 126, S.L.A.1957 [§ 36–2A–175, A.C.L.A.1949 Cum.Supp.].

10. Cf. Richardson Vista Corp. v. City of Anchorage, 1952, 14 Alaska 1, 4–5.

11. Webster's New International Dictionary, Unabridged, Second Edition (1960), p. 1824.

The attempt to commence a proceeding in court, when the law provides that this may not be done, logically is the commencement of no proceeding at all. An act which is prohibited can have no legal effect merely because it is done. The filing of the complaint for injunctive relief could not have the legal effect urged by appellant until the prohibition was removed on March 18, the day that the tax was paid. By that time, however, it was too late. More than 30 days had elapsed since the date of the Board's decision and award, and thus the statutory period of limitation for bringing such a proceeding had expired.

The running of the time within which injunction proceedings might have been instituted was not suspended between the date that appellant filed its complaint and the date that it paid its tax. This is not unlike a situation where a statute forbids the commencement of an action prior to a certain time and not later than another time. If the action is filed prematurely, the expiration of the first period does not automatically revive and give life to the action. Unless a new action is commenced within the applicable period of limitation, the right is barred.[12] Similarly, compliance with the law after a statute of limitation has run does not serve to validate from its inception an action which had no validity or legal effect at the time it was commenced.[13]

The language of the statute is unambiguous. It clearly expresses the legislative intent. This being so, it must be enforced as it reads, and should not be modified or extended by judicial construction so as to enable appellant to avoid the consequences of non-compliance with its express terms.

Appellant tries to escape the necessary results of its neglect by asserting that it was a defendant in the District Court, and therefore that the statutory prohibition is inapplicable. If appellant were a defendant in an action commenced in a court, its conclusion would be sound; for the statute is aimed only at a corporation that wishes to "commence or maintain" a proceeding, and not at one which defends against an action instituted by another.

Appellant was a defendant when the matter was before the Alaska Industrial Board, and the proceeding which it attempted to bring in the District Court may have been in the nature of an appeal rather than an independent action.[14] But this is of no help to appellant. The statute forbids a corporation that has not paid its tax to "commence * * * any * * · * proceeding in any court * * *." The word "commence" means "to enter upon; to begin; initiate; to perform the first act of, as, to commence a law suit; to originate; to start; to begin." [15] To commence a proceeding in a court is to demand something by the institution of process in a court of justice.[16] This was not done until appellant filed its complaint for injunctive relief in accordance with Section 43-3-22. Prior to that time the "proceeding" was before the Board, which is not a court. The statutory prohibition did not apply there. The Alaska Business Corporation Act refers only to a "court", and not to a quasi-judicial or administrative agency of the government.

Thus, the attempt by appellant to seek relief from the court—whether or not in the nature of an appeal—is in fact a "suit, action or proceeding", within the meaning of the statute. It is "commenced", i. e.,

12. See United States ex rel. Texas Portland Cement Co. v. McCord, 1914, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893.

13. Western Electrical Co. v. Pickett, 1911, 51 Colo. 415, 118 P. 988, 38 L.R.A.,N.S., 702; Jorgensen v. Baker, 1st Dist., 1st Div.1959, 21 Ill.App.2d 196, 157 N.E.2d 773.

14. Scott v. Alaska Industrial Board, D.C. 1954, 123 F.Supp. 361, 15 Alaska 146.

15. Webster's New International Dictionary, Unabridged, Second Edition (1960), p. 537.

16. Cohens v. Virginia, 1821, 6 Wheat. 264, 408, 5 L.Ed. 257, 292.

begun or originated, by filing a complaint with the court. Process is issued and served precisely as in the instance of any other suit or action. It is a proceeding which is separate and apart from the proceeding resulting from the filing of the original claim with the Industrial Board [17]; because it is one of judicial review of the action of an administrative tribunal, is brought in a different forum, and is withdrawn from the Board. Therefore, the pertinent section of the Corporation Act does apply here, and appellant was prohibited from commencing the proceeding until its corporate tax had been paid.

The District Court was correct in dismissing appellant's complaint, and its action in this respect is affirmed.

NESBETT, C. J., concurs.

AREND, Justice (dissenting).

Appellee Annis contends, and in this the Court has sustained him, that the appellant by untrue averments contained in both its complaint and amended complaint to the effect that it had paid its annual corporation tax should not be allowed to commence or maintain an action or proceeding by way of mandatory injunction to set aside the award of the Alaska Industrial Board, especially as in this case where the tax was not paid until after expiration of the applicable period of limitation in which such action or proceeding may be instituted.

I cannot subscribe to this line of reasoning for it is based upon the faulty premise that the proceeding for relief from an unfavorable award by the Board is in the nature of an original action in the District Court. A careful reading of the entire section of the Alaska Workmen's Compensation Act, which relates to judicial review,[1] persuades me to conclude that the filing of an appeal from an award of the Alaska Industrial Board, in the form of a complaint for injunctive relief, does not transform the appellant employer's role from that of defendant in the action before the Board to that of plaintiff in the proceeding before the Court. That the employer, in the case before us, remained the defendant on review in the District Court seems to follow quite logically from the fact that he is actually still defending against the claim initiated against him before the Industrial Board.

A contrary rule prevails in Texas. There the Industrial Accident Board established under that state's workmen's compensation statute is held to be not a court but an administrative agency, and that a suit to set aside the final decision of the board is in fact a suit and not an appeal. Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322; Texas Reciprocal Ins. Ass'n v. Leger, Tex.Civ.App., 92 S.W.2d 482, reversed on other grounds 128 Tex. 319, 97 S.W.2d 677; and Vestal v. Texas Employers' Ins. Ass'n, Tex.Com.App., 285 S.W. 1041, 1043. It was pointed out by the court in the Vestal case that the Texas statute (Vernon's Ann.Civ.St. art. 8307, § 5) declares that, upon an "appeal" being taken, the trial shall be de novo and the court is authorized to determine the issues in such case and not the board.[2]

17. Cf. Hallworth v. Republic Steel Corporation, 1950, 153 Ohio St. 349, 91 N.E. 2d 690, 697.

1. Section 43-3-22, A.C.L.A.1949, a portion of which is quoted by the Court in its footnote 3, supra.

2. In much the same vein the Supreme Court of Ohio has held that an appeal by a claimant for workmen's compensation to the Common Pleas Court, pursuant to the Ohio Workmen's Compensation statute (Gen.Code, § 1465–90), represents an action or proceeding within the meaning of another Ohio statute (Gen.Code, § 26) providing that whenever a statute is repealed or amended, repeal or amendment shall not affect pending actions or proceedings, and the appeal is an action or proceeding separate from the proceeding resulting from filing of the original claim with the Industrial Commission. Hallworth v. Republic Steel Corporation, 1950, 153 Ohio St. 349, 91 N.E.2d 690, 697. This case is cited by our court in its footnote 17, supra, in support of the proposition that the Alaska proceeding in District Court

Under the applicable provisions of the Alaska Workmen's Compensation Act we have an entirely different situation. With respect to court review of the orders of the Alaska Industrial Board, our statute specifically declares that an award by the full board shall be conclusive and binding as to all questions of fact. The reviewing court may suspend or set aside the award only if it was "not in accordance with law." It is true that the proceeding to effectuate a review is designated "injunction * * *, mandatory or otherwise," but that is not a controlling factor, especially since there is no provision in the statute for a trial de novo by the court. The findings of fact by the board cannot be disturbed by the court unless the party seeking the review is able to show that they are unsupported by any substantial evidence. Grant v. Alaska Industrial Board, 11 Alaska 355.[3]

The section of our statute here under consideration is very similar in substance to section 921 (b) of the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., from which it was evidently copied. Grant v. Alaska Industrial Board, supra. The procedure for review under the federal statute though denominated "injunction proceedings" has been held to be purely one of judicial review of the action of an administrative agency. As was pointed out in Bassett v. Massman Const. Co. 8 Cir., 120 F.2d 230, 233, certiorari denied 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520, the proceeding lacks a cardinal characteristic of ordinary injunction proceedings directed at administrative orders in that there is [except as to jurisdictional issues] no trial de novo of the facts, and, being in the nature of a review proceeding, it is somewhat analogous to an appeal.

In the case of Scott v. Alaska Industrial Board, D.C.1954, 123 F.Supp. 361, 15 Alaska 146, Judge Folta had for determination the question of whether an employer may interpose a counterclaim for the amount of alleged overpayment in a statutory proceeding brought in the District Court for the District of Alaska by an employee to review an award of the Alaska Industrial Board.

Judge Folta, in his opinion, discusses the Bassett case and also the case of Associated Indemnity Corp. v. Marshall, 9 Cir., 71 F.2d 235 and 420. In the latter case the appellate court affirmed the trial court's dismissal of a cross complaint likewise interposed in a proceeding by an employee for review of an industrial award, though made by a Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act. Judge Folta considered the reasoning of these two federal decisions highly persuasive, regarded the Alaska statutory proceeding for the review of orders of the Industrial Board to be in the nature of an appeal rather than an independent action, and concluded that the counterclaim of the employer in the case before him should be dismissed.

Both the Bassett case and the case of Associated Indemnity Corp. v. Marshall, declaring the proceeding for review by in-

---

for injunctive relief against an award of the Industrial Board is separate and apart from the proceeding resulting from the filing of the original claim of the Industrial Board. The case is distinguishable, however, for the reason that a trial by jury was had on appeal.

**3.** In 1959 the Alaska Legislature passed a new Workmen's Compensation Act, Chap. 193, S.L.A.1959, which repealed the old act in its entirety. While the new act in section 20(3) thereof provides that a compensation order which is not in accordance with law may be suspended or set aside, in whole or in part, through injunction proceedings in the District Court; this is not prefaced by any such statement as in the former act that an "award by the full Board shall be conclusive and binding as to all questions of fact." To the contrary, the Legislature in the same session enacted the Administrative Procedure Act, Chap. 143, S.L.A.1959, providing for review of decisions of all administrative agencies, including the Alaska Industrial Board and declared that the "Superior Courts shall on appeal have the right to augment the agency record in whole or in part, even to the extent of holding a hearing de novo." Section 25.

junction under the Longshoremen's and Harbor Workers' Compensation Act to be analogous to an appeal, had been decided several years prior to the enactment of the Alaska Workmen's Compensation Act applicable to this case; so it is reasonable to assume that our Legislature was cognizant of the interpretation placed by the Federal courts upon the review proceeding by injunction as contained in the Federal Act from which our Legislature borrowed. This is further borne out by the actual use in our statute of the word "appeal" in reference to the review proceeding. The appellee in his brief also speaks of the review proceeding as an appeal.

Since in the review proceeding before the District Court the status of the appellant remained that of a defendant, the same as it had been when the case was originally instituted before the Industrial Board, it follows that the appellant as such defendant was under no obligation, statutory or otherwise, to allege and prove in the review proceeding that it had paid its annual corporation tax for the year 1959. North Star Trading Co. v. Alaska-Yukon-Pacific Exposition, 68 Wash. 457, 123 P. 605.

For the error pointed out, this case should be reversed and remanded to the Superior Court.