Kris **GRATRIX** and **Raymond Hartlieb**, Appellants,

v.

**PINE TREE, INC.**, Appellee.

No. 7797.

Supreme Court of Alaska.

Feb. 17, 1984.

Marshall K. Coryell, Coryell & Associates, Anchorage, for appellants.

Lee Holen, Boyko, Davis & Dennis, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

The appellants' sole argument in this case is that the appellee-plaintiff's complaint should have been dismissed because at the time the lawsuit was filed the plaintiff, a foreign corporation, did not possess a certificate of authority, as required by AS 10.05.690,[1] and did not plead and prove compliance with AS 10.05.720.[2]

We find the appellants' arguments without merit.

Pine Tree, Inc., a Panamanian corporation, filed a complaint on January 8, 1980, seeking $251,500 from Kris Gratrix and Raymond Hartlieb on a defaulted note in the same amount. The complaint did not aver that Pine Tree had paid its annual tax and filed its annual report, as required by AS 10.05.720.

Gratrix answered the complaint on February 4 and he filed a motion to dismiss the complaint on February 26, on the ground of Pine Tree's failure to plead its compliance with AS 10.05.720; the motion was accompanied by a certificate from the state indi-

cating that Pine Tree was not registered to do business in Alaska, as required by AS 10.05.690.

Pine Tree responded on March 3 that it was not required to comply with AS 10.05.-690 and AS 10.05.720, because it was not doing business within the State.[3] Gratrix's motion for dismissal was not ruled on at this time.

Subsequently, on March 25, 1980, Pine Tree filed an amended complaint which again failed to allege compliance with AS 10.05.720. Gratrix and Hartlieb jointly answered, again asserting the failure to comply with AS 10.05.720 as an affirmative defense.

Pine Tree scheduled a hearing on its previously filed motion for summary judgment and Gratrix's and Hartlieb's motion to dismiss on May 20, 1981.[4] At the hearing, Pine Tree abandoned its contention that it was not doing business in Alaska. Instead it pointed out that it had applied for a certificate of authority to do business in Alaska. In fact, Pine Tree had been qualified by the Commissioner of Commerce and Economic Development to do

---

1. AS 10.05.690 states:

   A foreign corporation transacting business in the state without a certificate of authority may not maintain an action, suit or proceeding in a court of the state until it obtains a certificate of authority. A successor or assignee of a foreign corporation transacting business without a certificate of authority may not maintain an action, suit or proceeding in a court of the state on a right, claim or demand arising out of the transaction of business by the corporation in the state until a certificate of authority is obtained by the corporation or by a corporation which has acquired all or substantially all of its assets.

2. Former AS 10.05.720 stated:

   No domestic or foreign corporation may commence or maintain a suit, action or proceeding in a court in the state without alleging and proving that it has paid its annual corporation tax last due and has filed its annual report for the last calendar or fiscal year for which the report became due. A certificate of the payment of the annual tax and filing of the annual report is prima facie evidence of the payment of the tax and the filing of the annual report.

   Effective July 1, 1980, AS 10.05.720 was amended to read:

   No domestic or foreign corporation may commence or maintain a suit, action or proceeding in a court in the state without alleging and proving that it has paid its biennial corporation tax last due and has filed its biennial report for the last reporting period. A certificate of the payment of the biennial corporation tax and filing of the biennial report is prima facie evidence of the payment of the tax and the filing of the biennial report.

3. AS 10.05.600 provides in part:

   Without excluding other activities which may not constitute transacting business in the state, a foreign corporation does not transact business in the state by carrying on any of the following activities:

   ....

   (7) creating evidence of debt, mortgage, or liens on real or personal property; .

   (8) securing or collecting debts, or enforcing rights in property securing debts;

4. The parties had stipulated to a continuance of hearing on the motion for summary judgment due to a conflict of interest problem on July 17, 1980. Subsequently, Gratrix declared bankruptcy and the action was stayed from September 18, 1980 until December 22, 1980.

business in Alaska on April 29; the Commissioner also certified that "all required annual reports have been filed to date and all corporate taxes and fees due this office are paid to date," on May 22. Pine Tree argued that it had cured any defect in its earlier pleading by establishing its authority to bring suit with this certification.

In December, 1981, Pine Tree moved to amend its complaint "to include the allegation that the corporation is in compliance with state corporate statutes."[5] Gratrix opposed the motion, arguing it had "expended great amounts of time and money gathering evidence demonstrating that the plaintiff had in fact been doing business in Alaska," and that therefore it had been unfairly prejudiced by the delay in seeking to amend the complaint. It also argued that any compliance with AS 10.05.690 and AS 10.05.720 after the original complaint was filed was untimely.

On August 12, 1982, the court granted Pine Tree's motion to amend. It reasoned that since Pine Tree had by now complied with AS 10.05.690 and AS 10.05.720, a dismissal of the complaint without prejudice would not prevent refiling, because the statute of limitations had not expired and any dismissal would have been without prejudice. *See* AS 09.10.050.

Pine Tree thereafter renewed its motion for summary judgment against Gratrix and Hartlieb, and Gratrix filed a renewed motion to dismiss.

The court granted Pine Tree's motion for summary judgment and denied Gratrix's motion to dismiss. Judgment was entered against Gratrix on April 15, 1983 and Gra-

trix and Hartlieb have appealed.[6] We affirm.

### A. Compliance with Statute

#### 1. Amendment to Statute

■ Gratrix and Hartlieb argue that Pine Tree did not plead and prove compliance with AS 10.05.720 because its second amended complaint, and its certificate of compliance refer to former AS 10.05.720, which required *annual* reports and taxes, whereas current AS 10.05.720 requires *biennial* reports.[7]

This is a frivolous contention, since biennial reports are filed every other year, whereas annual reports are filed every year. *Ipso facto*, annual compliance is biennial compliance, and pleading and proving annual compliance is effectively the same as pleading and proving biennial compliance. The Commissioner's certificate of compliance is dated May 29, 1981, nearly a year after the biennial reporting and tax requirements came into effect. The certificate is adequate proof that Pine Tree was in compliance with AS 10.05.720 at that time, and Gratrix and Hartlieb have presented no evidence that Pine Tree subsequently failed to maintain its status.

#### 2. Scope of Authority

■ Gratrix and Hartlieb argue that Pine Tree's business operations in the state exceeded the scope of its certificate of authority.

Nothing in AS 10.05.690 suggests that a corporation which exceeds the bounds of its certificate of authority is barred from su-

---

5. In the meantime, on October 9, 1981, the superior court had issued an order denying the motion to dismiss, on the ground that "a dispute exists as to the capacity of the plaintiff to maintain an action pursuant to AS 10.05.270." The court set an evidentiary hearing "for the purpose of allowing the parties to present evidence on the issue of whether plaintiff has been 'transacting business' pursuant to AS 10.05.720, prior to the commencement of this action." No such hearing was ever held, however, and in light of the position taken by Pine Tree at the hearing on May 20, there was no reason for a fact finding on this question.

6. The judgment from which the appeal in this case was taken was apparently entered as a final judgment for purposes of appeal. Although the court did not specifically refer to Alaska R.Civ.P. 54(b), and did not make an "express determination that there is no just reason for delay," he did expressly indicate that the judgment was "Final." We construe the court's judgment of April 15, 1983, as final for purposes of appeal, since it disposed of the last remaining claims and parties, and was obviously intended to be appealable as of right.

7. The change was effective July 1, 1980, pursuant to Ch. 123, § 79, SLA 1980.

ing in the Alaska courts. To the contrary, as the superior court observed, Title 10 "suggest[s] that infirmities in a certificate of authority render a foreign corporation liable only to the state, but not to private individuals." *See* AS 10.05.696; AS 10.05.-675. Disputes over whether a corporation has exceeded the bounds of a certificate should be resolved by the Commissioner through revocation proceedings, not by the superior court in unrelated litigation.

### B. *Subsequent Compliance*

■ The primary issue in this case is whether Pine Tree's subsequent compliance with AS 10.05.690 and AS 10.05.720 cures its initial failure. Gratrix and Hartlieb argue that it does not, citing a number of cases from other jurisdictions [8] and *Alaska Mines & Minerals, Inc. v. Alaska Industrial Board*, 354 P.2d 376 (Alaska 1960).

In *Alaska Mines & Minerals, Inc. v. Alaska Industrial Board*, we held that "compliance with [AS 10.05.720] after a statute of limitation has run does not serve to validate from its inception an action which had no validity or legal effect at the time it was commenced." *Id.* at 379. However, the Territorial predecessor to AS 10.05.720 had previously been interpreted as permitting subsequent compliance where the statute of limitations had not expired:

> The general rule [where a statute of limitations has not expired] adhered to by the courts in construing similar statutes is that, upon compliance by the corporation—including compliance after the suit is filed—the action may be maintained and the suit will not be dismissed by reason of previous default. [Citations omitted].

*Richardson Vista Corp. v. City of Anchorage*, 14 Alaska 1, 4 (D.Alaska 1952).

In *King v. Petroleum Services Corp.*, 536 P.2d 116, 118 (Alaska 1975), the plaintiff had failed to comply with AS 10.05.720 until after suit was filed. We ruled the statutory bar was of no effect. While we based our ruling on the fact that the defendant had failed to deny corporate capacity, we "buttressed" our conclusion with reference to *Richardson Vista Corp.*

In light of these precedents, we read both AS 10.05.690 and AS 10.05.720 as permitting a corporation to cure its failure to comply with the statutory requirements, so long as it does so before the statute of limitations on the underlying action expires. There is no policy purpose, and no sound legal reason, for denying access to the courts where compliance occurs after suit is filed but before the statute of limitations has run, since AS 10.05.693 expressly validates corporate acts and contracts undertaken without a certificate. *See generally,* Annot. 6 A.L.R.3d 326 (1966).

### C. *Amendment of Complaint*

■ Gratrix and Hartlieb argue that the superior court abused its discretion in granting leave to amend the complaint to allege compliance with AS 10.05.720. They refer to commentators' observations that "in the absence of oversight or excusable neglect, courts have denied leave to amend when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleading." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1488, at 443 (1972). A lengthy delay in correcting an amended pleading which results in prejudice to the other party is also grounds for denying amendment. In this case, Gratrix and Hartlieb alleged (without making any factual showing or representations) that they spent a lot of time and money seeking to prove that Pine Tree was required to comply with AS 10.-05.690 and AS 10.05.720, and that this is sufficient "prejudice" as to justify denying leave to amend.

■ All these arguments are frivolous, once it is concluded that subsequent compliance with AS 10.05.690 and AS 10.05.720 cures the prior defect. The "prejudice"

---

**8.** *See Paisley Products, Inc. v. Trojan Luggage Co.,* 293 F.Supp. 397, 400 (W.D.Tenn.1968); *E.C. Vogt, Inc. v. Ganley Bros. Co.,* 242 N.W. 338 (Minn.1932); *Parker v. Lin-Co Producing Co.,* 197 So.2d 228 (Miss.1967).

referred to does not relate to the merits of the litigation; it is when a party's ability to litigate the merits of the matter in issue under the amended pleadings have been prejudiced that leave to amend may be denied. Clearly, there was no abuse of discretion in this case.

### D. Attorney's Fees

 Gratrix and Hartlieb next argue that the trial court "abused its discretion in awarding Pine Tree attorney's fees pursuant to the schedule set forth in Alaska R.Civ.P. 82(a)." The court awarded a fee of $27,433.78, based on Civil Rule 82(a)(1).[9]

The scheduled amount should have been reduced because it was Pine Tree's failure to promptly take action to correct its status which led to the relatively protracted litigation, they say.

To the extent that this argument has merit, it should have been advanced in connection with the motion to amend. Gratrix and Hartlieb should have asked the court to condition amendment of the complaint on payment of a portion of the fees expended by them in attempting to prove up Pine Tree's status.

In the context of a post-judgment motion for fees, however, we see no abuse of discretion in the use of Alaska R.Civ.P. 82(a). Gratrix and Hartlieb did not ask Pine Tree to itemize its actual expense for attorney's fees, and while the amount awarded does seem somewhat large, it has not been shown to be excessive.[10]

AFFIRMED.

**9.** The base amount of the judgment was $251,-500.00, together with prejudgment interest of $104,617.10. The judgment total was $356,-117.10. The court awarded 7.5% of the amount over $10,000.00, plus $1,475.00, pursuant to the "without trial" schedule of Alaska R.Civ.P. 82(a)(1).

**10.** The fee of $27,433.78 is equivalent to 274 hours of work at $100 an hour, or 183 hours of work at $150 an hour. While the pleadings in the file do not represent anywhere near that amount of work, there was evidently a substantial amount of off-record work involved in obtaining a certificate of authority. Of course,

there is no basis for charging Gratrix and Hartlieb with the corporation's expenses in bringing itself into compliance with state law. These costs have nothing to do with the litigation, since compliance with Alaska law is a statutory requirement that has nothing to do with the pendency of a lawsuit.

In the absence of any evidentiary challenge in the superior court to the amount of fees awarded, however, we see no abuse of discretion, particularly in light of the complete lack of a defense on the merits and the defendant's persistent and unpersuasive efforts to press a technical defense.